**20 So.2d 419**

**MILLER v. MILLER et al.**

No. 37269.

Dec. 11, 1944.

Joe R. Bethard and H. A. Taliaferro, both of Harrisonburg, and Henry W. Bethard, Jr., of Coushatta, for appellant.

J. M. Henagan, of Jena, for appellees.

PONDER, Justice.

Prior to June 25, 1930, Zack T. Miller brought suit against his wife, Marguerite Blevins Miller, seeking a divorce on statutory grounds and asking for the custody of the two minor children, issue of the marriage.

By way of rule, Zack T. Miller was awarded the provisional custody of the minor children, and Marguerite Blevins Miller was awarded alimony pendente lite for her support. The order fixing the alimony reads as follows:

"It is further ordered that the said plaintiff, Zack T. Miller, pay to the defendant wife, Marguerite Blevins Miller, the sum of One Hundred Fifty ($150.00) Dollars per month, payable weekly, as alimony to the said defendant wife during and until the final determination and trial of this cause on its merits.

"Thus done, read, rendered and signed in open court on this the 25th day of June, 1930.

"R. M. Taliaferro
"District Judge."

Upon trial of the divorce suit, the lower court, on March 21, 1931, gave judgment in favor of the plaintiff and awarded him the permanent custody of the children. There was no award of alimony made in this judgment. On February 27, 1933, the judgment was affirmed. Miller v. Miller, 176 La. 811, 146 So. 893. On March 27, 1933, a rehearing was refused.

There elapsed from the date of the alimony award of June 25, 1930, to the final determination of the divorce suit in this Court on March 27, 1933, a period of thirty-three months and two days. The total sum due under the judgment during this period of time amounted to $4,960. This amount was reduced to $1,835.54 by voluntary payments and those made under compulsion of writs of fieri facias.

On November 12, 1936, Zack T. Miller sold to Mrs. Harriet D. Witherbee a forty

acre tract of land which he owned in Catahoula Parish.

In the present suit, Mrs. Marguerite Blevins Miller seeks by hypothecary action brought against her divorced husband, Zack T. Miller, and the purchaser of the land, Mrs. Harriet D. Witherbee, to subject the land to the satisfaction of her judgment for alimony.

Upon trial, the suit was dismissed in the lower court on pleas of three and ten years' prescription. The court further ordered the cancellation of the judgment from the mortgage records. The plaintiff has appealed.

It appears from the written reasons handed down by the trial court that its judgment was based on Article 3538 and 3547 of the Revised Civil Code. These articles provide as follows:

"The following actions are prescribed by three years:

"That for arrearages of rent charge, annuities and alimony, or of the hire of movables and immovables." Article 3538, R. C. C.

"All judgments for money, whether rendered within or without the state, shall be prescribed by the lapse of ten years from the rendition of such judgments, except that no judgment for money rendered without the State shall be enforceable in this State if it is prescribed or unenforceable under the laws of the State wherein it was rendered. Provided, however, that any party interested in any judgment rendered within or without the State and not prescribed in the State wherein rendered, may have the same revived at any time before it is prescribed, by having a citation issued according to law to the defendant or his representative, from the court of defendant's domicile, unless defendant or his representatives show good cause why the judgment should not be revived, and if such defendant be absent and not represented, the Court may appoint a curator ad hoc to represent him in the proceedings, upon which said curator ad hoc the citation shall be served.

"Any judgment revived, as above provided, shall continue in full force for ten years from the date of the order of Court reviving the same, and any judgment may be revived as often as the party or parties interested may desire." Article 3547, R. C. C., as amended by Act 278 of 1936.

The appellant contends that the defendants' plea of payment and plea of prescription are repugnant and cannot be heard and determined for the reason that these pleas were not advanced in the alternative. In support of her contention, she cites the cases of Reiners v. St. Geran, 23 La.Ann. 384, and Davis v. Metropolitan Life Insurance Company, La.App., 168 So. 370.

Counsel for the appellant has evidently misinterpreted the defendants' answer. From our appreciation of the defendants' answer, they deny owing the amount sued for herein. The defendants admit the payment of $2,783.46 was made on the judgment for alimony. They take the position, in their answer, that the alimony judgment terminated when the trial court rendered judgment of final divorce

on March 21, 1931. The allegation of payment in their answer is based on this position.

The lower court passed on the question raised by the defendants' answer and held that the alimony did not end, as alleged and contended by the defendants, on the date the trial court gave judgment of divorce but terminated on the final decision of this Court on appeal.

Under such circumstances, we find no repugnancy in the pleadings. We are not presented with a case where a plea of payment and a plea of prescription are repugnant. There is no necessity for us to pass on the question of whether such pleas must be pleaded in the alternative.

The appellant contends that the trial court erred in sustaining the plea of prescription of three years based on Article 3538 of the Revised Civil Code.

Counsel for the appellant is under the impression that the prescription applicable to personal actions as provided for in Article 3544 of the Revised Civil Code should govern. He takes the position that this prescription only began to run from the date the judgment in the divorce suit became final; viz, when a rehearing was refused by this Court on March 27, 1933.

■ Owing to the peculiar nature of a judgment awarding the payment of alimony, continuing in its effect, the amount that might be subsequently due cannot be determined at the date the judgment is rendered. A judgment for alimony pendente lite is not final in the sense that it may not be reviewed and changed as to future payments. Wright v. Wright, 189 La. 539, 179 So. 866.

Alimony cannot be awarded under such a judgment prior to judicial demand. Carroll v. Carroll, 48 La.Ann. 835, 19 So. 872; Switzer v. Elmer, 175 La. 724, 144 So. 432.

■■ A decree of this nature is nothing more than a judicial sanction and an enforcement of the duty of the husband to support his wife, and not in its strict legal or technical sense a judgment for debt. Cotton v. Wright, 193 La. 520, 190 So. 665. However, it is a money judgment in the sense that it may be enforced in the same manner as other judgments. Cotton v. Wright, supra, and Baker v. Jewell, 114 La. 726, 38 So. 532.

In the case of Cotton v. Wright, supra, we pointed out that no plea of prescription based on Article 3538 of the Revised Civil Code was interposed. We have been unable to find any case handed down by this Court where this question has been directly passed on.

The lawmakers must have taken cognizance of the peculiar nature of a judgment for alimony when they adopted Article 3538 of the Revised Civil Code, providing that actions for arrearages of alimony are prescribed in three years. We think it significant that Article 3541 of the Revised Civil Code provides that the prescription mentioned in Article 3538 runs against married women.

■ Since Article 3538 of the Revised Civil Code specifically provides that actions for arrearages of alimony are prescribed in three years, and Articles 3544 and 3547

(as amended) of the Revised Civil Code are so general in their nature, we are compelled to arrive at the conclusion that the provisions of Article 3538 govern.

Under the accepted rule of construction, Article 3538 being a special law insofar as it applies to alimony, it must be given precedence over the general provisions heretofore mentioned.

██ Under the provisions of Article 148 of the Revised Civil Code, the judge is authorized to allow the wife alimony during the pendency of a suit. As pointed out heretofore, the judge has no authority to allow alimony prior to judicial demand. This provision of the Code contemplates the fixing of alimony by the court, and no alimony would be due prior to application to have same fixed. There could be no arrearage of alimony prior to judicial demand. When the Code mentions arrearages of alimony, it undoubtedly has reference to an amount becoming due after the alimony has been fixed by the court.

More than three years have elapsed since the alimony became due. Therefore, the plaintiff's right to sue for the arrearage of alimony is prescribed under the plain provisions of Article 3538 of the Revised Civil Code.

Having arrived at the conclusion that Article 3538 governs in this case, we see no necessity to pass on the plea of prescription of ten years.

For the reasons assigned, the judgment is affirmed at appellant's cost.

O'NIELL, C. J., concurs in the decree.