LEMMON, Judge.
This appeal involves several issues relating only to child support.
Mr. and Mrs. Dunbar were divorced by judgment rendered on May 7, 1971. The judgment also provided for interim child support at an agreed rate, while the parties *359 further agreed that the court would set the award at an evidentiary hearing after a pending Social Security claim by Dunbar for disability benefits had been determined.
At the hearing on June 18, 1971, Dunbar testified that he had paid all interim support payments; that he had no assets except a mortgaged 1970 Pontiac and some mortgaged household furniture; that his only income was $170.42 from Social Security benefits; and that he had entirely spent, mostly on gambling, the sum of $29,109.17 received three months earlier in settlement of his Federal suit involving an injury on his stevedoring job, the last $325.00 being squandered in a nightlong gambling session on the eve of trial. Other evidence established that the children were then receiving partial benefits from Social Security in the amount of $40.00 per month, which sum would be increased when full benefits became payable. The trial judge set child support at the rate of $225.00 per month, but specified that this amount included the monthly Social Security benefits. He gave the example that if the monthly benefits were raised to $125.-00, the husband would have to pay only $100.00 each month and would receive credit for the $125.00.
In July and August the children received the $40.00 monthly benefits, but Dunbar contributed nothing whatsoever to their support. In September Mrs. Dunbar filed a rule for her husband to show cause why he should not be held in contempt and why the amount of child support due and owing should not be fixed and made executory.
The trial of the rule was continued. In the meantime the children began receiving full Social Security benefits and in September, October and November received $198.00 per month. Additionally, the children received in September the sum of $827.60 from the Social Security Administration, representing benefits which had been delayed by administrative procedures. These benefits covered the period between September, 1969 and January, 1971, during which the parties were voluntarily living apart but not yet divorced.
Dunbar thereupon filed an opposition to the pending rule, asserting that his former wife had improperly refused to credit the $827.60 against the two months of support payments in arrears. Further alleging that he was disabled and did not earn sufficient income from Social Security benefits to pay $225.00 per month in child support and to pay his living expenses, he also filed a rule to reduce the amount of child support.
At the hearing on both rules in January, 1972, Dunbar admitted, contrary to his previous testimony, that he owned a home, on which he had paid the sum of $10,000.00 from his compromise proceeds as a down payment. However, he stated that he no longer had any income whatsoever, inasmuch as his disability benefits had been terminated (allegedly by mistake) in December, although he was still disabled. He further admitted he had paid nothing in support payments since the June, 1971 judgment.
Although the trial judge did not believe Dunbar was truthful about his economic status and his inability to perform any work whatsoever, he allowed the $827.60 to be credited against the support payments due and thus dismissed the contempt rule. He further reset the monthly support payments at $150.00, but provided that Dunbar would receive no future credit for Social Security payments if benefits were renewed after his appeal of the discontinuance. Mrs. Dunbar then perfected this appeal.
We believe that the trial court erred in allowing Dunbar credit for the $827.60 in delayed benefits received by the children. The previous judgment clearly contemplated credit of future monthly benefits against the husband’s monthly support obligation; this was spelled out in several examples by the trial judge. When the wife sought to have the back payments made executory, she did allow credit for *360 the benefits received each month against the support payment due for that month. Furthermore, two months of support payments had become payable before the children received the delayed benefits.
While the trial judge was perhaps prudent in desiring to have the husband begin to provide support without starting out “in the hole,” the wife was entitled under the previous judgment to the amount sought to be fixed and made executory. Payments due for benefits accrued prior to these proceedings had no relationship to Dunbar’s monthly support obligation. This is not a case where the husband was required to pay additional support while the benefits were delayed; these benefits represented payments for a period of time during which the husband paid nothing and the children were being supported by the wife’s parents. The lump sum payment of accrued benefits could perhaps be considered in determining the children’s needs in the rule to reduce support, but the trial judge erred in applying this payment as a credit against past due support payments.
As to the wife’s complaint about the resetting of the monthly support payments, the discontinuance of Dunbar’s disability benefits constituted a change in circumstances which justified a reduction, if in fact there was a reduction. Actually, the $150.00 award was greater than the amount for which the husband was responsible while Social Security benefits were being received.[1] Since the trial judge disallowed credit for future benefits, the change in the amount of support resulted from a reevaluation of the husband’s obligation under the circumstances existing at the time of the judgment. If benefits are restored upon appeal to the Social Security Administration, the children will receive an amount in excess of the original award of $225.00.
Mrs. Dunbar did not assign as error on appeal the dismissal of the contempt rule, nor did she apply for review under our supervisory jurisdiction. However, we observe that the trial judge dismissed that rule without full consideration of its merits, inasmuch as by allowing credit for the lump sum payment of benefits, he found that support payments were not in arrears at the time of trial, although the husband had failed to make any contributions for two months before the lump sum payment was received.
Accordingly, the judgment of the trial court is reversed in part, and it is now ordered that there be judgment in favor of Joyce L. D. Dunbar and against Jackson Dunbar, fixing the amount of $659.80 as child support due through January 7, 1972 and making this amount executory. That portion of the judgment resetting child support at the rate of $150.00 per month is affirmed.
Reversed and rendered in part.
Affirmed in part.

. Dunbar did not appeal from the resetting of child support.