420 So.2d 715 (1982)
Richard D. FOLDS
v.
Sheila LEBERT.
No. 13167.
Court of Appeal of Louisiana, Fourth Circuit.
September 30, 1982.
Donald R. Jory, Law Office, Jennings, for defendant-appellant.
Gerald J. Casey, Lake Charles, for plaintiff-appellee.
Before SCHOTT, GARRISON and WILLIAMS, JJ.
SCHOTT, Judge.
This is an action by a divorced wife and mother to make past due child support payments *716 executory in the amount of $2380 and for attorney's fees. The former husband claimed a credit for social security disability benefits paid to the mother for the child. The trial court awarded $985. In this appeal by the mother, the issue is whether the trial court properly allowed the credit for the social security payments.
The case was tried on stipulated facts. The parties were divorced in 1972. The father became disabled in 1978 resulting in payments of social security benefits to the mother for the child between September, 1978, and March, 1980. The mother did not waive any court ordered support payments or agree that they would be replaced by the social security benefits. However, if the credit was properly given to the father the correct amount of the arrearages was $985.
The mother relies on the general principle that a party ordered to pay alimony or support may not unilaterally and extrajudicially reduce the payments, recently discussed in Dubroc v. Dubroc, 388 So.2d 377 (La.1980). In this case the court refined its earlier decision in Halcomb v. Halcomb, 352 So.2d 1013 (La.1977) to authorize an extrajudicial reduction of child support payments where the facts showed that the child was being supported directly by the father with whom the child took up residence after the amount of support was set. A reading of the Dubroc case makes it clear that the primary concern of the court was that the child was being supported by the father although the means of support had been changed from payments to direct support of the child by the father. In the instant case the parties stipulated that the social security payments exceeded the amount due in monthly support so that the father's obligation to support the child was clearly discharged. Entitlement to disability payments resulted from the father's and his employers' contributions to the social security fund. The benefits were paid to the mother for their child as a result of his being disabled and prevented from working during that period. Thus, the payments were a substitute generated by his efforts for the payments that he could not otherwise make during his time of disability. Justice requires that he be relieved of the payments over and above social security disability benefits under these circumstances.
Dunbar v. Dunbar, 276 So.2d 358 (La. App. 4th Cir. 1973) addressed by both parties in their arguments is inapposite. In this case the trial court had specifically included in its judgment a reference to social security payments which were forthcoming and decreed that the support payments would be reduced by the amount of support generated by social security. This court approved that scheme but disallowed credit to the father for a lump sum payment of past due social security benefits against the amount of support claimed by the mother. The lump sum, however, was for months of social security benefits for a period long before the judgment was signed awarding child support. We do not construe this case as a prohibition against allowing the father in the instant case a credit for social security disability benefits which could not be anticipated at the time the trial court set the amount of support as in Dunbar.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.