544 So.2d 764 (1989)
Nelwyn McCLOUD, Plaintiff-Appellant,
v.
William Allen McCLOUD, Defendant-Appellee.
No. 88-267.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1989.
David J. Williams, Lake Charles, for plaintiff-appellant.
Cecil R. Sanner, Lake Charles, for defendant-appellee.
Before FORET, YELVERTON and KING, JJ.
KING, Judge.
This appeal presents for our consideration the issue of whether a disabled former husband should be allowed a credit against a past due child support obligation for Social Security benefits received, because of his disability, by his former wife on behalf of their minor child.
Nelwyn McCloud (hereinafter plaintiff) instituted a rule in this suit against her former husband, William L. McCloud (hereinafter defendant), to make past due child support payments in the amount of $2,400.00 executory. Following a hearing, a judgment was rendered ordering defendant to pay delinquent child support, attorney's fees, and court costs totaling $3,000.00. Subsequent to rendition of this judgment for child support arrearages, the minor child received a lump sum payment of $5,044.00 for past due benefits owed to the child by the Social Security Administration as a result of defendant's disability. Defendant then filed a rule to terminate child support payments because of his disability and requested that the trial court credit the amount of the lump sum Social Security payment to extinguish the $3,000.00 judgment for child support arrearages. After a hearing, the trial judge ruled that defendant was entitled to offset all Social Security benefits received by plaintiff on behalf of the minor child against the $3,000.00 judgment. From this decision, plaintiff timely perfected a devolutive appeal. We affirm.

*765 FACTS
Plaintiff and defendant were divorced by judgment rendered August 13, 1976. The judgment granted plaintiff the custody of two minor children and ordered defendant to pay child support in the sum of $100.00 per child per month. On August 18, 1977, the support for these two minors was increased by court order to $125.00 per child per month. One of the minor children died on August 9, 1979, and by judgment rendered on November 28, 1979, support for the remaining child, Angela Darlene McCloud, was increased to $200.00 per month.
Defendant failed to pay all of these monthly payments for child support and a judgment was rendered on March 5, 1985, recognizing the defendant owed plaintiff past due child support, through December 31, 1984, together with court costs and attorney's fees, totaling $3,000.00. This judgment for arrearages further provided that the $3,000.00 judgment due plaintiff was to be paid by defendant out of the proceeds of any recovery made in connection with a pending worker's compensation claim arising from an accident in which defendant was involved in September, 1984.
On March 11, 1985, defendant filed a rule to reduce the amount of child support payments, as ordered by the judgment rendered on November 28, 1979, alleging that his work-related accident and injury left him permanently disabled and resulted in a substantial decrease in his income. At the hearing on this rule, held on May 2, 1985, it was stipulated that defendant was then only receiving $248.00 per week as workman's compensation benefits and that this was his total income. On May 2, 1985, the child support payments for the minor were ordered reduced from $200.00 to $150.00 per month.
On June 4, 1985, defendant applied to the Social Security Administration for social security disability insurance benefits as a result of his injury. On December 5, 1985, the Administrative Law Judge determined that defendant was totally disabled, under the Social Security Act, 42 U.S.C. 401, et seq, as of September 7, 1984 and was entitled to receive Social Security benefits commencing retroactive as of March, 1985.
On June 18, 1986, defendant filed a Rule To Eliminate Child Support Payments And Cancel Judgment. Defendant alleged that child support was no longer necessary as the minor had begun and was then receiving Social Security benefits of approximately $350.00 per month due to his disability. Defendant further alleged that plaintiff had received a lump sum payment for all past due benefits owed to the child, on account of his disability, from the Social Security Administration. Plaintiff asked the trial court to credit this lump sum payment toward extinguishing the $3,000.00 judgment for child support arrearages, rendered on March 5, 1985, and to order that it be cancelled from the mortgage records of Calcasieu Parish, Louisiana.
A hearing on the rule was held on August 20, 1986. At the hearing, the parties stipulated that all further monthly child support payable by defendant should be eliminated, and that defendant had paid child support totaling $2,225.00 between March, 1985 and the date of the hearing. It was further stipulated that retroactive to March, 1985, the child commenced receiving monthly Social Security benefits in the amount of $364.30, which increased to $375.00 the following December, and that plaintiff had received a lump sum Social Security check in the amount of $5,044.00 for past due benefits due to the minor child as a result of defendant's disability.
Following the submission of the stipulations, the trial judge rendered judgment in Open Court in favor of William R. McCloud (plaintiff-in-rule) and against Newlyn McCloud (defendant-in-rule) as prayed for and in accordance with the stipulation of the parties. A formal written judgment was signed in Chambers on December 15, 1986. Plaintiff timely filed a motion for a new trial which was denied on October 28, 1987.
Plaintiff then timely appealed from the trial court judgment, alleging that the trial court erred in crediting the lump sum Social Security benefits, allocated for the benefit *766 of the child, as a credit on the March 5, 1985 judgment rendered against defendant for past due child support arrearages.
In 27C CJS Divorce § 674, at page 300, we find the following:
"Generally, a noncustodial parent whose social security retirement or disability benefits are paid to the custodial parent for the benefit of a child is entitled to credit such payments toward court ordered child support obligations, but it has also been held that social security benefits may not be credited toward child support obligations without a prior court determination that such credits would be proper and awards of child support to be paid in addition to social security payments allocated for the benefit of a child have been upheld."
There appears to be only two reported Louisiana cases addressing the issue now presented. The first of these cases, Dunbar v. Dunbar, 276 So.2d 358 (La.App. 4 Cir.1973), is inapposite. In Dunbar, the father asserted he was entitled to credit a Social Security lump sum payment received by his children against two months of support payments in arrears. The lump sum represented past due benefits which accrued prior to the divorce proceedings and prior to the rendition of a judgment fixing child support. The court denied the father a credit, finding that the Social Security payment had no relationship to the father's support obligation. In the instant case, the lump sum Social Security payment was made for a period after the parties were divorced. The lump sum payment was also made subsequent to a judgment ordering the defendant to pay child support, which judgment for arrearages was rendered subsequent to the defendant's injury and disability and which judgment also recognized that payment was to be made from the pending worker's compensation claim.
The second case, Folds v. Lebert, 420 So.2d 715 (La.App. 4 Cir.1982), while not exactly on point, is more factually analogous to the present case. In Folds, the parties were divorced in 1972. The father became disabled in 1978, resulting in the payment of Social Security benefits to the mother for the child between September, 1978 and March, 1980. The father was unable to meet his child support obligations during this period because of his disability, and hence, claimed a credit for the Social Security payments when the mother filed an action to make past due child support payments executory.
The court allowed the father a credit for the Social Security disability benefits allocated for his minor child, stating:
"In the instant case the parties stipulated that the social security payments exceeded the amount due in monthly support so that the father's obligation to support the child was clearly discharged. Entitlement to disability payments resulted from the father's and his employers' contributions to the social security fund. The benefits were paid to the mother for their child as a result of his being disabled and prevented from working during that period. Thus, the payments were a substitute generated by his efforts for the payments that he could not otherwise make during his time of disability. Justice requires that he be relieved of the payments over and above social security disability benefits under these circumstances." Folds v. Lebert, 420 So.2d 715, at page 716 (La.App. 4 Cir.1982).
Similarly, in this case, there is evidence that a portion of the delinquent child support obligations arose subsequent to defendant's disabling injury. The only evidence before us with regard to this question is the factual stipulation that plaintiff received a lump sum check for the period beginning March, 1985, in the amount of $5,044.00, as a result of defendant's disability occurring in September, 1984.
Based on the factual stipulations before him, the trial judge concluded that "Credit should be given to Mr. McCloud towards any judgment rendered against him on the date of March 5, 1985 for Social Security benefits which have been received on behalf of the minor child, Angela D. McCloud." An order of child support is for the benefit of the children, even though directed paid to the mother or other custodian. *767 If the sum directed to be paid by the father is paid by the government through Social Security benefits derived from the account of the father, the purpose of the order for support has been accomplished. The father is entitled to credit for such payments against his liability under the order. Since the child will receive the same amount of support ordered by the court, and which the court has decided the child should have, the source of the payment is of no consequence and it does not matter that the defendant is given credit for the payment made by another.
It is well settled that a trial judge must be given reasonable latitude in determining matters affecting the welfare of children, and that a judgment based upon facts disclosed in any given case is entitled to great weight. Johnson v. Johnson, 214 La. 912, 39 So.2d 340 (1949). Furthermore, the trial judge is given great discretion in either granting or modifying awards of alimony and child support; his judgment will not be set aside or amended unless a clear abuse of that discretion is shown. Daigre v. Daigre, 527 So.2d 9 (La.App. 3 Cir.1988); Durbin v. Durbin, 424 So.2d 1130 (La.App. 1 Cir.1982).
Applying these legal principles, we find that the trial judge did not abuse his discretion in allowing defendant to offset the $3,000.00 child support arrearage judgment by the lump sum Social Security payment received by his child. Accordingly, we hold that credit should be given for Social Security payments made directly to the child when the obligor's employment occasioned the benefits. As a consequence, the amount of child support directly payable by defendant should be reduced by the amount of the Social Security benefits.
For the foregoing reasons, the judgment of the trial court is affirmed.
All costs of these proceedings are taxed to plaintiff-appellant.
AFFIRMED.