548 So.2d 957 (1989)
James Louis FAUL, Plaintiff-Appellee,
v.
Judy Boudreaux FAUL, Defendant-Appellant.
No. 88-545.
Court of Appeal of Louisiana, Third Circuit.
September 1, 1989.
*958 Charles F. Boagni III, Opelousas, for plaintiff-appellee.
Kermit A. Doucet, Lafayette, for defendant-appellant.
Before DOUCET, KNOLL, and KING, JJ.
KING, Judge.
The main issue presented by this appeal is whether or not the trial court was correct in allowing a disabled former husband a credit for Social Security benefits received by his former wife, which were paid to her on behalf of their minor children, against executory money judgments for past due child support arrearages.
James Louis Faul (hereinafter plaintiff) filed a petition against his former wife, Judy Boudreaux Faul (hereinafter defendant), seeking a declaratory judgment as to the disposition of $7,922.50 received by him as part of a settlement of his lawsuit for personal injuries. Plaintiff's suit also sought a declaratory judgment that he was entitled to a credit on two executory money judgments for past due child support arreages (hereinafter the judgments), for Social Security benefits paid on behalf of their minor children and received by defendant, and ordering cancellation of the judgments as satisfied. This sum was not dispersed by plaintiff's attorney from the settlement proceeds of his personal injury lawsuit, but was withheld by agreement of the parties for possible payment of child support arrearages that plaintiff disputed to be due and owing. Plaintiff alleged in his petition for declaratory judgment that he was entitled to the entire sum, which was deposited in the registry of the court pending the outcome of the suit, and to cancellation of the judgments because the judgments were satisfied by a credit for Social Security benefits received by defendant for their minor children for the periods in question and a cash payment made by him to defendant. Defendant filed an answer of general denial to plaintiff's petition alleging that the entire amount of the two executory money judgments should be paid from the monies held in the registry of the court, and urging that the Social Security benefits she had received should not be credited toward satisfaction of the two executory money judgments for child support arrearages. Defendant then moved for summary judgment. The trial court rendered judgment that plaintiff was entitled to a credit, for all Social Security benefits received by defendant for the children, against the two executory money judgments for child support arrearages. Since the credit for the Social Security benefits and a cash payment satisfied the judgments the trial court ordered the cancellation of the two judgments from the mortgage records of St. Landry Parish, Louisiana and ordered that the sum of $7,922.50 held in the registry of the court be paid to plaintiff. A formal judgment was signed. Defendant devolutively appeals this judgment. We affirm.

FACTS
This suit for declaratory judgment was tried on the pleadings, exhibits, and a written stipulation of facts.
*959 Plaintiff and defendant were married on November 7, 1970, in Grand Coteau, St. Landry Parish, Louisiana. Two children were born of the marriage, Glenn Phillip Faul and Brian James Faul, who are still minors.
Plaintiff and defendant were granted a legal separation on June 16, 1982 and were divorced by judgment rendered August 4, 1983. The decree of divorce granted defendant sole custody of the minor children and ordered plaintiff to pay child support in the amount of $100.00 per child per month.
Plaintiff failed to make all of these payments, and, as of May 28, 1986, was approximately $4,000.00 in arrears. Consequently, defendant filed a Rule to obtain a judgment and make executory the past due child support arrearages for the period of time through May 28, 1986. This rule was heard, and a judgment was rendered awarding defendant $4,250.00 in past due child support arrearages, the amount due through May 31, 1986, and $250.00 for attorney's fees. A written judgment was signed on August 21, 1986. Between June, 1986 and March, 1987 plaintiff's child support payments again fell into arrears in the amount of $2,000.00. Another rule was filed by defendant on March 9, 1987 for an increase in the child support payments, and to obtain a judgment and make executory all past due child support payments.
On or about April 3, 1987, defendant received a check from the Social Security Administration in the sum of $6,084.00, representing back benefits due the two minor children pursuant to a disability claim submitted by plaintiff because of his disability resulting from an accident.
Due to his disability and the commencement of the Social Security benefits, plaintiff filed a rule on April 7, 1987 to terminate his child support payments while his minor children were receiving Social Security benefits. Plaintiff alleged that each child was receiving $135.00 per month from the Social Security Administration due to his disability. He further alleged the Social Security payments fulfilled his child support obligations and prayed that further child support payments be terminated, because of his disability, during the period of his disability.
Plaintiff's rule for termination of child support payments and defendant's rule for increase in child support payments and for an executory money judgment for child support arrearages were both heard on April 10, 1987. Following a hearing on the two rules, the trial court rendered an executory money judgment against plaintiff and in favor of defendant for child support arrearages, from June 1, 1986 through March 31, 1987, in the sum of $2,000.00 plus attorney's fees in the amount of $200.00. The trial court also awarded defendant an increase in child support of $100.00 per month for each child, commencing on April 1, 1987, subject to a credit for all future Social Security benefits made to her on behalf of each child. A judgment on this rule was signed on May 11, 1987.
In January, 1987, plaintiff's pending suit for personal injuries was settled. Pursuant to agreement of the parties, plaintiff's attorney retained from the settlement disbursement the sum of $7,922.50 which was estimated to be sufficient to satisfy plaintiff's child support arrearages through May, 1986, which had been reduced to judgment on August 21, 1986, and the child support arrearages which were continuing to accrue since June, 1986.
Plaintiff then filed this suit for a declaratory judgment on June 10, 1987. At the time plaintiff's suit for declaratory judgment was filed the two executory money judgments for child support arrearages and attorney's fees had been rendered against him, one on August 21, 1986 for $4,250.00 of child support arrearages and $250.00 of attorney's fees and the other on May 11, 1987 for $2,000.00 of child support arrearages and $200.00 attorney's fees.
A letter from the Social Security Administration, dated March 25, 1987, setting forth the monthly benefits and dates of entitlement, was made part of the written stipulation at trial of plaintiff's suit for declaratory judgment. The letter indicates that the first lump sum payment to defendant of $6,084.00 encompassed payments for the benefit of the minor children for the *960 period from September, 1984 through February, 1987, and that defendant was to receive a check in the amount of $270.00, or $135.00 for each child, on behalf of the minor children each month thereafter because of plaintiff's disability. The letter also showed that defendant had subsequently received checks for the months of March, April, and May, 1987, totalling $810.00. The stipulation also reflected that plaintiff had paid defendant $606.00 cash on June 21, 1987. This cash payment was to pay the difference between the amounts which were paid by the Social Security Administration for the minor children and the amounts owed under the judgments.
Thus, at the time this suit for declaratory judgment was tried, if plaintiff was given credit for the Social Security benefits on the judgments, defendant had received $7,500.00, the total amount of the two judgments, by the receipt of the $6,084.00 from the Social Security Administration, representing benefits from September, 1984 through February, 1987, $810.00 from the Social Security Administration, representing benefits for March, April, and May, 1987, and $606.00 cash that plaintiff had paid defendant.

LAW
Defendant contends on appeal that plaintiff is not entitled to a credit for any Social Security payments for the children received by her prior to April 7, 1987 as plaintiff did not assert a judicial demand to have the payments credited toward his past due child support obligations until his rule for reduction of child support was filed on that date; thus, she argues the trial court erred in retroactively applying all of the Social Security benefits as a credit on the two executory money judgments for child support arrearages.
Defendant cites the case of Miller v. Miller, 207 La. 43, 20 So.2d 419 (1944) in support of her position. However, that case is inapposite and has no bearing on the issue presented to this court for review. In Miller, the plaintiff sued for arrearages of alimony pendente lite more than three years after the final judgment of divorce in a suit filed by her husband. Applying former Civil Code Art. 3538, which has been repealed, the Supreme Court held that "there could be no arrearages of alimony prior to judicial demand," and that plaintiff's right to sue for arrearages had prescribed. Id. 20 So.2d at 421. In the instant case, the child support arrearages were made executory and owing by the two judgments rendered during the time plaintiff was disabled and making a claim for Social Security disability benefits. Plaintiff was legally obligated to pay defendant child support payments for the minor children during this period of time and certainly could not have claimed a credit for benefits paid to defendant for the minor children, due to his disability, until there was a final determination on his claim for disability benefits by the Social Security Administration and the benefits were paid.
We find the situation here analogous to that dealt with by the Fourth Circuit in Folds v. Lebert, 420 So.2d 715 (La.App.4 Cir.1982). In Folds, the parties were divorced in 1978 and the father was disabled in 1978. As a result of the father's disability, the mother received Social Security benefits for their minor child between September, 1978 and March, 1980. The father was unable to meet his child support obligations during this period of time because of his disability. Therefore, he claimed a credit for the Social Security payments received by the mother when she filed an action to make past due child support payments executory.
The court allowed the father to credit all Social Security benefits paid to the mother on behalf of the child, stating:
"Entitlement to disability payments resulted from the father's and his employers' contributions to the social security fund. The benefits were paid to the mother for their child as a result of his being disabled and prevented from working during that period. Thus, the payments were a substitute generated by his efforts for the payments that he could not otherwise make during his time of disability. Justice requires that he be relieved of the payments over and above *961 social security disability benefits under these circumstances." Folds v. Lebert, 420 So.2d 715, at page 716 (La.App.4 Cir.1982).
This court adopted the rationale of Folds in McCloud v. McCloud, 544 So.2d 764 (La.App.3 Cir.1989). There, we stated:
"An order of child support is for the benefit of the children, even though directed paid to the mother or other custodian. If the sum directed to be paid by the father is paid by the government through Social Security benefits derived from the account of the father, the purpose of the order for support has been accomplished. The father is entitled to credit for such payments against his liability under the order. Since the child will receive the same amount of support ordered by the court, and which the court has decided the child should have, the source of the payment is of no consequence and it does not matter that the defendant is given credit for the payment made by another." McCloud v. McCloud, 544 So.2d 764, at pages 766-767 (La.App.3 Cir.1989).
Applying the rationale of Folds and McCloud to the facts of this case, we find the trial judge did not abuse his discretion in determining plaintiff should be allowed to offset the two executory money judgments for child support arrearages by the total amount of Social Security benefits received by his children, when the Social Security disability benefits were for the same time period as the child support arrearages were due. Nor did the trial judge err in ordering the two executory money judgments for child support arrearages cancelled as having been satisfied, or in finding that plaintiff was entitled to the entire sum of $7,922.50 deposited in the registry of the court. The record reveals that plaintiff was disabled during the period of time encompassed by the two executory money judgments for child support arrearages. The record further reflects that the Social Security benefits paid to defendant for the minor children represented Social Security benefits because of plaintiff's disability during the period he was ordered to pay child support. These payments resulted from his employment and were made in lieu of the child support payments he would have made had it not been for his disability. The trial court's judgment was equitable under the circumstances and in accordance with the established jurisprudence of Louisiana.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to defendant-appellant.
AFFIRMED.