829 So.2d 1125 (2002)
Narayne Mills ROUGEAU
v.
Thorsell ROUGEAU.
No. 02-484.
Court of Appeal of Louisiana, Third Circuit.
October 30, 2002.
W. Jay Luneau, Alexandria, LA, for Plaintiff/Appellee, Narayne Mills Rougeau.
Michael H. Davis, Alexandria, LA, for Defendant/Appellant.
Court composed of JOHN D. SAUNDERS, MICHAEL G. SULLIVAN, and ELIZABETH A. PICKETT, Judges.
PICKETT, Judge.

FACTS
The parties, Narayne and Thorsell Rougeau, were married on November 23, 1982. Of that union, two children were born. On June 29, 2001, Narayne Rougeau filed for divorce, wherein she sought *1126 custody of the minor children, child support, periodic spousal support, use of certain community property, and restraining orders pertaining to community property. On September 17, 2001, a hearing was held where the parties agreed to several incidental issues including custody of the children, who would be the domiciliary parent, use of community property, extraordinary medical expenses, writs of injunction against disposal of community property and against harassment or abuse toward either party, and payments of child support, pending submission of a Child Support Obligation Worksheet on behalf of each party. In addition, Mr. Rougeau entered the following stipulation on the record:
We will stipulate that each child, there are two children in this case, each child receivers One Hundred and Nine Dollars per month Social Security benefits. Those benefits are the direct result, and because of, Mr. Rougeau's work. They get the benefits because of his Social Security benefits.
Mr. Rougeau requested an offset of his child support obligation for the amount of social security benefits, $109.00 each ($218.00 per month), received by the children. By judgment dated September 17, 2001, Mr. Rougeau was ordered to pay child support in the amount of $740.30 per month. Subsequently, the defendant filed a Motion for New Trial and the plaintiff filed a Rule for Contempt alleging that the defendant failed to comply with the judgment by refusing to pay the ordered amount of child support. Following a hearing on the motion and rule, the Motion for New Trial was denied and the matter argued under the rule was taken under advisement. On February 13, 2002, the trial court rendered written Reasons for Judgment wherein it adjudged that the defendant was not entitled to an offset of the child support obligation for social security payments received by the children and ordered the defendant to pay $740.30 in child support and make up any difference in amounts which have not been paid. It is from this order that the defendant appeals.

DISCUSSION
The appellant argues the trial court erred in failing to allow a credit against his child support obligation in a sum equal to the social security benefits received by the children.
The trial court has great discretion in decisions concerning modifications of child support decrees, and such decisions will not be disturbed on appeal absent clear abuse of discretion. Stelly v. Stelly, 02-113 (La.App. 3 Cir. 6/26/02); 820 So.2d 1270.
The Guidelines For Determination of Child Support are set forth in La.R.S. 9:315 et seq. The court determines the basic child support obligation from the schedule in R.S. 9:315.14 by using the combined adjusted gross income of the parties and the number of children involved. La. R.S. 9:315.2.
"`Gross Income' means the income from any source, including, but not limited to salaries, wages, commissions, bonuses, dividends, severance pay, pensions, interest, trust income, annuities, capital gains, social security benefits, workers' compensation benefits ... disability insurance benefits, and spousal support ..." La.R.S. 9:315(4)(a).
"Income of the child that can be used to reduce the basic needs of the child may be considered as a deduction from the basic child support obligation." La.R.S. 9:315.7(A) (emphasis added). The total child support obligation is determined by adding together the basic child support obligation amount, net child care costs, the cost of health insurance premiums, and *1127 extraordinary expenses. La.R.S. 9:315.8(A). "A deduction, if any, for income of the child shall then be subtracted from the amount calculated in Subsection A. The remaining amount is the total child support obligation." La.R.S. 9:315.8(B).
The appellant cites several cases including McCloud v. McCloud, 544 So.2d 764 (La.App. 3 Cir.1989), as standing for the proposition that when a child is receiving social security benefits derived from the payor's account, and as a result of the work history, the payor is entitled to a credit against his monthly obligation in the amount being received by the child. This argument is misplaced.
The facts in McCloud are distinguishable from the facts in the instant case. In McCloud, the father became disabled after the judgment was entered establishing the child support obligation. Subsequently, the child began receiving social security benefits as a result of his father's disability. The issue before the court in McCloud was whether the father was entitled to a credit against a lump sum social security payment for an arrearage which had accrued against him for back due payments. The trial court granted him the credit, following a hearing. This court upheld the trial court's ruling, finding the trial court did not abuse its discretion. McCloud is fact specific and involves a situation where the monthly benefits being received by the child from social security as a result of the father's disability actually exceeded the amount of his monthly child support obligation prior to his disability.
In Faul v. Faul, 548 So.2d 957 (La.App. 3 Cir.1989) cited by the defendant, the issue before the court was whether the trial court erred in allowing a disabled payor a credit for social security benefits received by his former wife, paid to her on behalf of the minor children, against executory money judgments for past due child support arrearages. This court determined the trial court had not abused its discretion in ordering the credit, finding the judgment to be "equitable under the circumstances." Id. at 961.
In Gibson v. Gibson, 592 So.2d 855 (La. App. 3 Cir.1991), this court found no error in an award of child support above and beyond the amount the child was receiving in social security. The trial court noted that it was aware of the payor's income from all sources, including social security, at the time the child support order was entered.
In each of these cases it was recognized that whether to give a payor a credit for social security benefits received by a minor child is within the discretion of the trial court after a hearing to determine the facts of each individual case. La.R.S. 9:315.7(A) provides, "Income of the child that can be used to reduce the basic needs of the child may be considered as a deduction from the basic child support obligation" (emphasis added).
Social security benefits received by a child do not differ from any other type of income received by the child, as contemplated by La. R.S. 9:315.7, in that it is within the trial court's discretion whether to allow the child's social security benefit to be credited against the parent's obligation as determined under the guidelines. The fact that the income received by the child is a social security benefit does not automatically entitle the parent to a credit against a child support obligation.
In the instant case, a hearing was held and evidence was presented as to the income of both parents. The trial court was made aware of the appellant's total income, as well as the appellee's income and the amount received by the minor children in social security benefits. The trial court determined, under the facts of this case, that the appellant was not entitled to a credit for the social security benefits received *1128 by the minor children. We find no manifest error has been committed and further find no abuse of the trial court's discretion under the facts of this case.

DECREE
Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the defendant-appellant.
AFFIRMED.