NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-1232

DOMINICK AARON FORET

VERSUS

CANDICE BROOK F. FORET

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 70592-A
HONORABLE J. LARRY VIDRINE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JIMMIE C. PETERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

AFFIRMED.

K. Ray Rush
Attorney at Law
P. O. Box 704
Oakdale, LA 71463
(318) 335-2759
COUNSEL FOR PLAINTIFF/APPELLANT:
    Dominick Aaron Foret

**Jacob B. Fusilier**
**Attorney at Law**
**P. O. Box 528**
**Ville Platte, LA 70586**
**(337) 363-6661**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Candice Brook F. Foret**

**PETERS, J.**

This appeal arises from a custody and support proceeding involving Caroline Jhanae Foret, the minor child born to Candice Brook F. Foret (Candice) and Dominick Aaron Foret (Dominick). Dominick appeals a trial court judgment granting joint custody to the parents, naming Candice as domiciliary parent, setting a specific visitation schedule, and awarding Candice $767.00 per month as child support. For the following reasons, we affirm the trial court judgment in all respects.

## DISCUSSION OF THE RECORD

Caroline was born on December 17, 2003, and remained in the custody of her parents until their physical separation on February 5, 2009. Dominick and Candice were divorced on April 1, 2010. Prior to the rendition of the divorce judgment, Dominick and Candice entered into an agreement to serve as joint custodians of Caroline, with Candice being named domiciliary parent; with Dominick being awarded visitation every week he was not working offshore; and for Dominick to pay $500.00 per month in child support and maintain health insurance on the child as well as Candice. Additionally, they agreed that Candice would be assigned the use of the family home in Ville Platte, Louisiana. The trial court executed a written order to this effect on March 19, 2009.

The judgment of divorce signed by the trial court on April 1, 2010, was silent as to all ancillary issues and only awarded Dominick a divorce based on the provisions of La.Code Civ.P. art. 102. The current litigation arises from a March 5, 2013 filing by Candice seeking to modify the previous visitation and child support order and to have Dominick held in contempt for a number of actions and inactions on his part. In her petition, Candice asserted that the visitation schedule required

adjustment and that Caroline should live primarily with her because of behavior problems arising when she returned from her father's house, and because Dominick and his current wife were constantly making derogatory statements about her in Caroline's presence. Additionally, she argued that the split custody was not satisfactory because Dominick would not cooperate by providing her with information concerning Caroline's school activities in a timely manner.

With regard to the request to increase the child support award, Candice asserted that Dominick had received an increase in income. Concerning the rule for contempt of court, Candice alleged that Dominick was habitually late in his monthly support payments; had failed to pay his proportional share of court costs as ordered in the consent judgment; and had repeatedly harassed and threatened her through telephone and text messages.

Dominick answered the petition arguing that he had paid his support obligation as set forth in the previous order through September of 2009, but on December 13, 2009, he and Candice had entered into a written agreement reducing the support obligation to $250.00 per month retroactive to September of 2009; and he had timely met the new obligation from that date forward. With regard to the other contempt assertions, he argued that there existed no court order concerning payment of costs or to restrain him from contacting Candice by telephone or text messaging.

Dominick also responded to Candice's petition by filing a reconventional demand wherein he sought a judgment of shared custody as well as a sharing of the support obligations, including medical expenses not covered by his insurance. Dominick also sought recognition of his right to claim the child as a deduction on

2

his federal and state tax returns, as he claims that his previous off-work visitation schedule gave him custody of Caroline more than fifty percent of the time.

Dominick also filed a separate rule, arguing that Candice, not he, should be held in contempt of court for denying him visitation. Candice responded to this final filing with a peremptory exception of no cause of action wherein she alleged that the prior order of visitation was so vague it could not support a judgment of willful disobedience.

Candice's petition contained no request for a trial setting. However, in response to Dominick's answer and reconventional demand, the trial court executed an order setting May 3, 2013, as the date for Candice to show cause why the March 19, 2009 order should not be modified (1) to order shared custody on an alternating seven-day basis coinciding with Dominick's work schedule; (2) to require that the parents pay their proportional share of all of Caroline's medical, dental, vision, and pharmaceutical expenses not paid by medical insurance; (3) to allow Dominick to claim Caroline as a deduction for federal and state tax purposes; (4) to prohibit either parent to have a person of the opposite sex overnight in the presence of Caroline if the person is not related to the child by blood or marriage; and (5) to grant the right of first refusal for babysitting to the parent without physical custody should the parent with physical custody absent himself or herself for more than forty-eight hours. A separate order executed in response to Dominick's contempt rule set that issue for trial on May 3, 2013, as well.

After completion of the evidentiary phase on May 3, 2013, the trial court took the matters under advisement. On July 14, 2013, the trial court issued written reasons for judgment curtailing Dominick's visitation periods, increasing the monthly child support obligation to $767.00, finding Dominick not in contempt of

3

court, and prohibiting either parent and/or present and future stepparents from making derisive comments in front of the child. The trial court executed a written judgment conforming to its reasons on July 8, 2013.

In his appeal of that judgment, Dominick asserts that the trial court erred (1) in failing to grant equal custody on an alternating seven-day basis, thereby failing to comply with La.R.S. 9:335; (2) in failing to compute the support obligation in the shared custodial arrangement pursuant to La.R.S. 9:315.9, using the Worksheet B reproduced in La.R.S. 9:315.20; and in failing to allow him to claim Caroline as a deduction for federal and state tax purposes as required by La.R.S. 9:315.18.

## OPINION

At the beginning of the May 3, 2013 hearing, Candice's counsel called the trial court's attention to her peremptory exception in opposition to Dominick's rule for contempt, and the trial court indicated that the exception would be referred to on the merits. At that point, Candice's counsel announced that "at this point then we'll proceed to my Rule for Contempt, Modification of Child Support and Visitation." Her counsel then proceeded to call four witnesses in support of Candice's claims, and, when she rested her case, Dominick's counsel called three witnesses in support of his claims without specifically announcing which issues were to be addressed.

The trial court's reasons for judgment set forth the following findings of fact with regard to the issues upon which evidence was presented:

> In 2009, while Dominick was going through some financial difficulties and subsequently a bankruptcy, Candice, in an effort to help Dominick, agreed to a temporary reduction of child support from Five Hundred and No/100 ($500.00) Dollars to Two Hundred Fifty and No/100 ($250.00) Dollars per month.
>
> Although there was no specific order or Judgment the parties cooperated with each other and were basically on a shared custody

4

basis of seven days with Candice and seven days with Dominick when he was in from his offshore job.

Things went well until about 2011 when Dominick remarried. His new wife is Jessica Foret and at some point in time, [Candice], recognizing that Dominick was no[w] financially improved, sought to get the monthly child support back to Five Hundred and No/100 ($500.00) Dollars per month by going to Support Enforcement. Everything has gone downhill since that time.

Dominick is now verbally abusive and the child, Caroline, is beginning to act out, misbehave, and disobey her mother. Caroline tells her mother that "she is fat and lazy and needs to get her priorities straight." This is obviously coming from the household of Dominick and Jessica. They are encouraging and fostering this behavior in a nine year old child as a weapon against her mother.

While Candice earns a limited income of less than Thirty Thousand and No/100 ($30,000.00) Dollars per year in her employment with the Evangeline Parish Tax Commission, Dominick now earns in excess of Ninety Thousand and No/100 ($90,000.00) Dollars per year in his employment with the offshore oil industry.

Caroline is being encouraged to demand name brands and expensive things which her mother Candice cannot afford on her modest salary.

Dominick has enlisted the assistance of Donna Wimberly, MSW, LCSW, in counseling Caroline. These counseling sessions are generally unilateral without Candice having any input into the process. Candice testified that she has not been given any counseling reports and the sessions were scheduled during her work hours. (This is exactly as was presented in the same courtroom during the last twelve months in the case of Cormier v McGee and recently affirmed by the 3rd Circuit Court of Appeals). The facts are virtually identical.

This Court is convinced that it is in the best interest of this child, Caroline Foret that the previous arrangements of seven days with mother and seven days with father are curtailed to one as follows:

When Dominick Foret returns from his offshore employment he will pick up Caroline and she will remain with him for three nights and three days and then be returned to her mother. This schedule will result in Dominick having Caroline for at least six days per month during the school year. During the summer break from school, Dominick will have Caroline for seven days during one of his at home shifts every month. The Court will allow this to expand to ten days if Dominick and his family plan an extensive vacation trip and a few extra days with Caroline are needed to facilitate the plans.

This Court finds that Dominick Foret is <u>not</u> in Contempt for not going back to the original child support schedule. There was an agreement in place and he relied on the agreement. Now that there is a judicial demand to return, this Court, based on the visitation guidelines previously set forth in these reasons, set the child support level, in accordance with State Guideline[s] at Seven Hundred Sixty Seven Dollars and No/100 ($767.00) per month.

In addition, it is ordered that both mother and father stop speaking derisively about their former spouse. This prohibition shall also apply to present and any future step parents of Caroline.

The March 9, 2009 consent order was not a considered decree and, therefore, its modification is not subject to the "heavy burden" established in *Bergeron v. Bergeron*, 492 So.2d 1193, 1196 (La.1986). Instead,

[w]hen no evidence is adduced at the district court level prior to the entry of the joint custody order which is sought to be modified, that joint custody decree is not a "considered decree" within the meaning of *Bergeron*, supra. In this situation, the heavy burden of proof is not applicable, but the moving party must still prove a material change in circumstances since the entry of the original decree and that the modification proposed is in the best interest of the child. Every child custody case must be decided based only on its own particular facts and circumstances. On appellate review, the determination of the trial court in establishing or modifying custody is entitled to great weight and will not be disturbed absent a clear showing of an abuse of discretion.

*Beard v. Beard*, 599 So.2d 486, 488-89 (La.App. 3 Cir. 1992) (citations omitted).

### *Assignment of Error Number One*

In his first assignment of error, Dominick asserts that the trial court erred in changing the week-to-week custody arrangement. Specifically, he relies on the language of La.R.S. 9:335(A)(2)(b), which provides that when joint custody is awarded, "[t]o the extent it is feasible and in the best interest of the child, physical custody of the children should be shared equally." While the trial court did not specifically mention La.R.S. 9:335(A)(2)(b) in its reasons for judgment, it made factual determinations where conflicting evidence was presented. The trial court concluded that material changes in circumstances had occurred since the March 19,

6

2009 consent decree, in the form of Dominick's verbally abusive actions directed at Candice. Specifically, the trial court found that Dominick and his current wife were "encouraging and fostering" Caroline's negative change in behavior toward her mother by, among other things, encouraging Caroline to demand things of her mother that Dominick and his wife know she cannot afford. The trial court further noted that Dominick engaged in the use of a counselor for Caroline, but intentionally left Candice out of the process, thereby, causing additional problems between Candice and her daughter. While not mentioning La.R.S. 9:335(A)(2)(b) in its reasons for judgment, the trial court made the specific finding that it was in Caroline's best interest to curtail the previous custodial arrangement.

We find no clear abuse of the trial court's discretion in its findings. Therefore, we find no merit in this assignment of error.

### Assignment of Error Number Two

Next, Dominick asserts that the trial court erred in using Worksheet A instead of Worksheet B in calculating his new support obligation pursuant to La.R.S. 9:315.9. As is the case in decisions concerning physical custody, the trial court is vested with great discretion in modifying child support decrees and, absent clear abuse of discretion, such decisions will not be disturbed on appeal. *Rougeau v. Rougeau*, 02-484 (La.App. 3 Cir. 10/30/02), 829 So.2d 1125.

Louisiana Revised Statutes 9:315.9(B) provides that Worksheet B "shall be used to determine child support" in a situation involving a shared custody arrangement. Louisiana Revised Statutes 9:315.9(A)(1) defines shared custody as "a joint custody order in which each parent has physical custody of the child for an approximately equal amount of time." On the other hand, La.R.S. 9:315.8(E)(5) provides that Worksheet A "shall be used to determine child support" in a joint

custody situation. Louisiana Revised Statutes 9:315.8(E) defines joint custody as "a joint custody order that is not shared custody as defined in R.S. 9:315.9."

In the matter before us, the reduction of the time Caroline will spend with her father under the July 8, 2013 judgment caused the custody arrangement to change from that of shared custody under La.R.S. 9:315.9(A)(1) to that of joint custody under La.R.S. 9:315.8(E). Therefore, we find no error in the trial court's use of Worksheet A in calculating Dominick's monthly support.

### *Assignment of Error Number Three*

Finally, Dominick argues that the trial court erred in failing to grant him the federal and state tax dependency deduction for Caroline.

The issue of the federal and state tax dependency deduction is addressed in La.R.S. 9:315.18, which provides in pertinent part:

> A. The amounts set forth in the schedule in R.S. 9:315.19 presume that the custodial or domiciliary party has the right to claim the federal and state tax dependency deductions and any earned income credit. However, the claiming of dependents for federal and state income tax purposes shall be as provided in Subsection B of this Section.
>
> B. (1) The non-domiciliary party whose child support obligation equals or exceeds fifty percent of the total child support obligation shall be entitled to claim the federal and state tax dependency deductions if, after a contradictory motion, the judge finds both of the following:
>
> > a) No arrearages are owed by the obligor.
> >
> > b) The right to claim the dependency deductions or, in the case of multiple children, a part thereof, would substantially benefit the non-domiciliary party without significantly harming the domiciliary party.

Although Dominick's pleadings raise this issue and his motion to set the matter for trial contains a direct reference to this issue, he presented no evidence to address the elements of proof set forth in La.R.S. 9:315.18(B)(1). In fact, the issue

of the federal and state tax dependency deduction was not mentioned at the hearing. Because the issue was not raised at the hearing, we are left with the presumption of La.R.S. 9:315.18(A) that Candice maintains the right to claim the dependency deduction.

We find no merit in this assignment of error.

## DISPOSITION

For the foregoing reasons, we affirm the trial court judgment in all respects. We assess all costs of this appeal to Dominick Aaron Foret.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.