527 So.2d 9 (1988)
Richard D. DAIGRE, Plaintiff-Appellee,
v.
Janet Gates DAIGRE, Defendant-Appellant.
No. 87-168.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1988.
*10 William Owens, Alexandria, for plaintiff-appellee.
Harry Hammill, Alexandria, for defendant-appellant.
Before DOMENGEAUX, STOKER and YELVERTON, JJ.
STOKER, Judge.
Janet Gates Daigre appeals the judgment of the trial court which reduced the child support obligation of Richard D. Daigre from $900 per month to $450 per month. The Daigres are the parents of two minor children, Abby and Katherine. Richard Daigre filed a rule to reduce the child support award based upon a change in his circumstances which affected his ability to pay. Janet Daigre asserts that Richard Daigre failed to show a change in circumstances such as would warrant a reduction in child support, therefore the trial court erred in reducing the child support. We affirm.
FACTS
Janet and Richard Daigre obtained a judgment of separation on June 5, 1985. Thereafter, on October 31, 1985 the parties filed a joint petition to fix the amount of child support and a judgment based upon the terms agreed to by the parties was signed that day. The judgment condemned Richard Daigre to pay $900 per month to Janet Daigre for the care of their two daughters. Richard Daigre was, additionally, to be responsible for the cost of their health and hospitalization insurance.
On July 30, 1986 Richard Daigre filed a rule to reduce the child support on the grounds that he was giving up his primary occupation to enroll in Southern University Law Center in Baton Rouge. Mr. Daigre had been engaged in the real estate business in Alexandria. Richard Daigre anticipated that he would have some income, but not an income sufficient to pay support in the amount of $900 per month.
After a hearing on the rule, the trial court ordered a reduction of the child support from $900 to $450 per month. It is from this judgment that Janet Daigre has appealed.
DID PLAINTIFF SHOW A CHANGE IN CIRCUMSTANCES WHICH WOULD SUPPORT A REDUCTION IN CHILD SUPPORT?
Janet Daigre argues on appeal that Richard Daigre failed to show that a change in *11 circumstances had occurred from the time of the original judgment in October of 1985 until the time of the hearing on the rule on August 26, 1986. After careful review of the record, we conclude that Richard Daigre did show a change in circumstances. Nonetheless, not every change in circumstances will support a reduction in child support. The issue herein is whether the trial court abused its discretion in reducing the award based upon this change in circumstances.
The court in Durbin v. Durbin, 424 So. 2d 1130, 1132 (La.App. 1st Cir.1982) stated that:
"To modify a judgment or a consent decree awarding alimony and child support, the party seeking to modify the awards bears the burden of showing that there has been a substantial change in circumstances of one, or both of the spouses. * * * The trial judge is given great discretion in either granting or modifying awards of alimony and child support and his judgment will not be set aside or amended unless a clear abuse of that discretion is shown. * * * A parent and spouse will not be relieved of his obligation to support his children and pay alimony because of an unstable financial condition brought upon himself. (Citations omitted)
A consent judgment awarding child support is not subject to modification unless a change of circumstances, occurring during the period of time between the date of the consent judgment and the date of the rule for modification, can be proved. Dickinson v. Dickinson, 461 So.2d 1184 (La.App. 3d Cir.1984), writ denied, 465 So.2d 736 (La.1985).
Richard Daigre testified that his business had been losing money prior to the consent judgment, but circumstances occurring subsequent to the consent judgment precipitated his decision to change careers. The main factor influencing the decision was that two lucrative consulting contracts were terminated unilaterally by the Brewer-Nienstedt Lumber Company. This fact, in combination with the generally poor economy which affected the real estate market, caused plaintiff to reevaluate his future in the real estate business. Plaintiff decided to enroll in law school for the fall semester of 1986.
Richard Daigre supplied evidence of his past expenses and projected expenses, and testified that his only income would be what he earned working for the Red River Waterway Commission. He estimated that he would earn approximately $16,000. Plaintiff testified that, as a freshman law student, he would not be permitted to work by the university, but that he would continue his work with the Waterway Commission so that he could provide some support for his children.
The trial court, in its reasons for judgment, stated in pertinent part that:
"The Court finds that the plaintiff has shown a change in circumstances and that even though Mr. Daigre has voluntarily quit his employment in the real estate business to return to law school, his motives for making such a career change were not capricious or indicative of any effort to avoid his responsibility in making child support payments. * * * Also, once Mr. Daigre successfully completes law school, his financial position will hopefully be such that he can even better provide for his two daughters and their future."
We find that Mr. Dagire's voluntary change in circumstances was reasonable and justified; that he was in good faith and was not attempting to avoid his alimentary obligation; and that his action did not deprive his children of continued reasonable financial support. See Mosley v. Mosley, 348 So.2d 225 (La.App. 3d Cir.1977), writ refused 350 So.2d 1213 (La.1977). We find no abuse of discretion on the part of the trial court in reducing the child support award from $900 to $450 per month.
Although our views affirming the trial court judgment expressed above may suffice, we think the record in this case requires further comment. The facts of the case do not present a typical situation for consideration under the change of circumstances rule. The evidence presented by Mr. Daigre, consisting largely of his own *12 testimony, shows that he has apparently not been a business success during the period in question. His business efforts resulted in large financial losses every year. When Mr. Daigre agreed to the consent judgment for child support in October 31, 1985, his business was a losing business.
The typical claim of changed circumstances presents facts showing a reduction of income from the income at the time child support was originally fixed. Here, if there is a change in financial circumstances, it might be validly urged that by leaving the real estate business, Mr. Daigre has improved his financial situation. Presumably, he has at least eliminated his source of financial loss and has an assured income of $16,000 annually.
Taking a broader view of the "circumstances" under consideration, we conclude that a legally cognizable change of circumstances has taken place. Aside from the loss of the expectancy of income from consulting contracts which were canceled, we may regard the change from a business endeavor to a devotion of time to a professional education, looking toward a future income-producing career, as a change of circumstances which we may take into account in reassessing Mr. Daigre's support obligations. Such considerations were reviewed in Mosley v. Mosley, supra, and, consistent with the views expressed in that case, the change was "reasonable and justified." Moreover, as in Mosley, the father here is not seeking a suspension of support payments but a reduction during the period of his professional education. Also, this education may well lead to a greater ability on the part of Mr. Daigre to contribute to the support of his children.
In light of these observations we find that the trial court's conclusion that a change of circumstances took place is correct.
Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the defendant-appellant.
AFFIRMED.
DOMENGEAUX, J., concurs and assigns reasons.
DOMENGEAUX, Judge, concurring.
I agree completely with the majority opinion but concur merely to mention the case of McKenna v. Steen, 422 So.2d 615 (La.App. 3rd Cir.1982), writ denied, 429 So.2d 157 (La.1983), which I authored.
McKenna is readily distinguished and provides no corollary to the facts in the case sub judice.
In McKenna, the husband's effort to have his child support payments reduced was denied. Therein the husband sold a lucrative dental practice, gave up his business, and enrolled in law school.
In McKenna, the actions of the dentist-husband and father were not made in good faith, but rather were made in an attempt to evade his responsibilities to support his children. McKenna, by enrolling in law school was not attempting to increase his economic stature, but on the contrary was attempting to lower that stature so as to reduce his payments. Additionally, McKenna had substantial assets from which support payments could be made enabling him to pay the stipulated amount he was responsible for.
I respectfully concur.