hPER CURIAM. *
This appeal arises out of a divorce action brought by Ms. Giffen. Mr. Giffen appeals the Court of Appeal’s dismissal of his appeal as untimely. Giffin v. Giffin, 97-1331 (La. App. 3d Cir. 3/6/98); 709 So.2d 1104.
The trial judge signed a judgment awarding the plaintiff past-due alimony on April 24, 1996 based upon his reasons for judgment issued on April 3, 1996. At a hearing on a related matter on April 25, 1996, the trial judge declared that he had made an error in the amount awarded in the April 24 judgment and that he intended to correct the error. On April 19, 1996, the defendant filed a motion for new trial. This motion was never set for hearing and never ruled on. On March 19, 1997, a different judge[1] signed an additional judgment based on the April 3, 1996 reasons given by the original judge, incorporating the same error. Defendant made a timely motion for new trial on March 27, 1997 which the judge denied. Defendant then appealed the judgment.
The Court of Appeal ruled that the March 19, 1997 judgment had no legal effect since the original judge had already rendered a judgment based upon his April 3, 1996 reasons, and that for the appeal to be timely, it must have been perfected during the appeal delays as to the April 24, 1996 judgment.[2] The Court of Appeal found that defendant’s motion for new trial was, on itsjjface, actually a motion to amend which does not affect the delays for filing an appeal. Thus, the court ruled that the delay for appeal following the April 24,1996 judgment had run and that the appeal was not timely. The Court of Appeal erred in determining that the appeal delay had run.
Defendant’s motion for new trial alleges that the April 24, 1996 judgment which established the incorrect arrearage is contrary to the law and evidence. Further, defendant later made a motion to amend judgment which sought only to correct the amount awarded. Because the defendant made a timely motion for new trial which has not yet been considered by the court, the delay for filing an appeal to the April 25, 1996 judgment has not closed, and his appeal is timely.[3] We therefore remand to the *498 Court of Appeal for consideration as a timely filed appeal.

 Marcus, J., not on panel. See Rule IV, Part 2, § 3.

. The original trial judge had retired from the bench.

. La.Code Civ. Proc. art. 2123 provides that a suspensive appeal must be filed within thirty days of the expiration of the delay for applying for a new trial, or within thirty days of the date of mailing of notice of the court’s refusal to grant a new trial. La.Code Civ. Proc. art.2087 provides an additional thirty days for filing a timely devol-utive appeal.

. We note that even had the Court of Appeal been correct in determining that defendant’s motion should properly be construed as a motion to amend, this Court has previously ruled that, as a document seeking further review of a judgment, a motion to amend may serve to extend the delays for appeal. See McClelland v. State National Life Insurance, 94-2123 (La.11/18/94); 646 So.2d 309.