liAMY, Judge.
The defendant appeals the lower court’s refusal to allow credit for payments made to his former wife prior to the imposition of alimony. We affirm.
Factual and Procedural Background
Reference to the record in this matter indicates a lengthy and complex procedural history. This case is presently before this court on remand from the Louisiana Supreme Court. Although unclear in areas, the record indicates the underlying facts of this appeal are that a judgment of divorce dissolving the marriage of the plaintiff, Margaret Giffin, and the defendant, Jerry Giffin, was signed and filed on February 21, 1995. Subsequently, in August 1995, judgment was entered ordering Jerry to pay permanent alimony to Margaret in the amount of $2,000.00 per month. [/The award was made retroactive to the date of the divorce. Jerry’s subsequent motion for new trial was denied.[1]
In December 1995, Margaret filed a Motion and Order for Appearance for Sentencing and Contempt arguing that Jerry had failed to pay the permanent alimony as ordered. The minutes of that hearing, held in January 1996, indicate that Jerry raised the issue of credits due him for sums paid to Margaret prior to the award of alimony. In a ruling dated April 3, 1996, the trial judge found Margaret entitled to $16,000.00 in past-due alimony and $1,000.00 in attorney’s fees. The court further denied Jerry’s request for credit due to his delay in payment “in a very contemptuous manner.” A judgment on this ruling was signed on April 24, 1996.
At a hearing held on April 25, 1996, which involved the couple’s community property settlement, the trial court explained that the judgment rendered the previous day contained a calculation error. He stated that Jerry owed $12,000.00 in past-due alimony rather than $16,000.00 as provided on the judgment and that he would render a revised judgment indicating the reduction. The filing of any such judgment, however, is absent from the record.
On April 29, 1996, Jerry filed a Motion for New Trial. He asserted that the April 24, 1996, judgment was “contrary to the law and evidence” as “[t]he total amount of arrearage from January 1, 1995 through March 1996 is the sum of Twelve Thousand and No/100 ($12,000.00) Dollars, rather than Sixteen Thousand and {¡No/lOO ($16,000.00) Dollars.” Despite the filing of this motion, there is no indication that the matter was ever fixed for hearing or that a ruling was made in this regard. Following the filing of this Motion for New Trial, which remains unresolved, the record indicates that the case progressed with filings regarding community property and, once again, payment of past-due alimony.
*1014 On March 19, 1997, a judgment substantively the same as that filed on April 24, 1996, was signed based on the written ruling on April 3, 1996. Without explanation in the record, this judgment was signed by a different judge than that rendering the ruling or signing the previous judgment. On March 27, 1997, Jerry filed a Motion for New Trial arguing that the judgment was contrary to the law and evidence and that he was not in arrears in the amount of $16,000.00, that Margaret should not have been awarded $1,000.00 in attorney’s fees, and that he should not have been cast with costs of the proceedings.[2]
A hearing was held on this final Motion for New Trial on May 12, 1997. At the time of this hearing, at which other matters were considered by the court,[3] the lower court denied Jerry’s claim that he was entitled to additional credits than those ^originally given by the previous judge. The lower court stated as follows in denying the motion for new trial:
On the Motion for New Trial, apparently, on two separate occasions, Mr. Seaman, on behalf of Mr. Giffin has presented to the Court credits that he alleged that his client is entitled to during the year, 1995, which at one time totalled over seven thousand dollars ($7,000). The Judge, Judge Cunningham, gave credits for forty-nine hundred, seventy-four dollars and seventy-seven cents ($4,974.77). I have no way of knowing which credits he gave .... allowed and which ones he cut out, there’s no break down on that. I don’t have anything to show his reasoning and, in his Reasons for Judgment, he talks about financial and physical problems, but I- I still have nothing presented to me to show a break down of which credits were allowed and which ones were not and to know his thinking and reasoning in that point. I_for those reasons, you know, I think some of those things are allowable by law, but I don’t know which ones he took and why. I’m not going to say that his reasoning was bad or those numbers are bad because I have nothing to show that break down. For that reason, I’m just going to deny the Motion for New Trial....
The judgment denying the motion was filed on May 23, 1997. On June 23, 1997, Jerry filed a suspensive appeal from this judgment asserting that he is entitled to additional credits other than those previously applied against his past-due alimony.
In response to this appeal, Margaret filed a Motion to Dismiss asserting that Jerry was not entitled to an appeal from the May 23, 1997, denial of Jerry’s request for new trial. Instead, she argued that a denial of a motion for new trial is not a final judgment, but is interlocutory and, in the absence of irreparable injury, is not appealable. Further, she argued that the appeal is actually one taken from the judgment of April 24, 1996, and that, although a timely Motion for New Trial was filed in that matter and never resolved, it was actually a Motion to Amend and, therefore, any appellate delays from this judgment had expired.
bOn original review by this court, we concluded that the March 19, 1997, judgment had no legal effect since judgment had been entered on April 24, 1996. Furthermore, finding that the Motion for New Trial filed in regard to this judgment was actually a request for amendment to the judgment, and, therefore, appellate delays were not suspended, we found the appeal untimely.
The Louisiana Supreme Court granted Jerry’s subsequent writ of certiorari finding that as “the defendant made a timely motion for new trial which has not yet been considered by the court, the delay for filing an appeal to the April 25[sie], 1996 judgment *1015 has not closed, and his appeal is timely.” Giffin v. Giffin, 98-0960, p. 1 (La.6/5/98); 712 So.2d 496, 497(footnote omitted). Thus, the supreme court ordered a remand for this court to consider the matter as “a timely filed appeal.” Id. We do so now.
Discussion
Before proceeding to the merits of Jerry’s argument, we are mindful that this matter appears before the court after a peculiar procedural history. Namely, this matter is before the court following a judgment wherein Jerry was found to owe $16,000.00 in past-due alimony, but prior to a determination of the Motion for New Trial. Despite the fact that the motion was never adjudicated, Jerry has filed a timely appeal. Courts of this state have previously found that “[a] party’s motion for new trial is effectively waived or abandoned when, on that party’s motion, an order of appeal is entered.” Grant v. Federal Land Bank., 586 So.2d 685, 688 (La.App. 2 Cir.1991) citing Mouton v. Mosley, 448 So.2d 893 (La.App. 3 Cir.1984). See also Vicknair v. T.L. James Co., Inc., 375 So.2d 960 (La, App. 4 Cir.1979), writ denied, L379 So.2d 10 (La.1980).[4] Therefore, if we consider the appeal as timely filed, as instructed to do by the supreme court, Jerry’s motion wherein he alleges that the $16,000.00 judgment should be reduced to $12,000.00 is waived. Thus, we turn to the merits raised by Jerry’s appeal.
In brief to this court, Jerry argues that “the sole issue before the Court is the entitlement of Mr. Giffin to certain credits against his obligation to pay alimony to Mrs. Giffin between January 1, 1995 and August 22,1995.” He argues that prior to the imposition of alimony in this matter, he made certain payments on Margaret’s behalf and that, when initially setting the amount of retroactive alimony due, the lower court judge erred in not giving credit for all of these payments. In particular, he notes credit due for payments made on the property received by Margaret in the community property settlement.
In Hawkins v. Hawkins, 592 So.2d 843, 851 (La.App. 3 Cir.1991), this court stated as follows with regard to the type of credit at issue:
The burden of proving a set-off against alimony or support payments is on the party asserting the set-off. Vallaire v. Vallaire, 433 So.2d 315 (La.App, 1st Cir.1983); Lynch v. Lynch, 422 So.2d 703 (La.App. 3rd Cir.1982). Additionally, the trial judge is given great discretion in either granting or modifying awards of alimony and child support. His judgment will not be set aside or amended unless a clear abuse of discretion is shown. McCloud v. McCloud, 544 So.2d 764 (La.App. 3rd Cir.1989); Daigre v. Daigre, 527 So.2d 9 (La.App. 3rd Cir.1988).
The judgment appealed from in this matter is that rendered on April 24, 1996.[5] In written reasons issued on April 3, 1996, the lower court explained as follows with regard to the denial of the requested credits:
Jerry Edward Giffin asks that he be given credit for payment made of certain community expenses relating to the dissolution of the marriage and the divorce. However, he intentionally delayed paying alimony starting January 1, 1995, in a very contemptuous manner. During this period when Mr. Giffin was paying no alimony, Mrs. Giffin was forced to rely on friends and her children for groceries, gas, medicine and clothing. Although she is unemployed and is totally disabled for all practical purposes, Mr. Giffin consistently refused to pay the alimony and caused consistent delays by filing various rules or responding to various rules filed by Mrs. Giffin.
Despite his argument in brief, our review of the record reveals no abuse of discretion in the lower court’s denial of additional cred *1016 its to which Jerry alleges entitlement. Reference to the judgment of April 24, 1996, indicates that a hearing was held on January 11, 1996. The record in the instant matter is devoid of any evidence or transcript related to this hearing. The joint exhibits of this appeal and the previous appeal, which are bound together in a single volume, contain the minutes of the January 11, 1996, hearing. This minute entry indicates that a “[s]um-mary of sums paid by Mr. Giffin to Mrs. Giffin in 1995 was entered into evidence.” Furthermore, the entry indicates that counsel for both parties was given permission to submit briefs with regard to credits to be given. Other than this entry, however, this court is left with little to review with regard to those originally allowed and those ^subsequently disallowed in the April 24, 1996, judgment. As Jerry is the party seeking additional credits, he bears the burden of proving the offsets. See Hawkins, 592 So.2d 843. As stated above, no transcript of the January 11, 1996, hearing, or other related evidence, is contained in the submission to this court. Therefore, based on the submission, we can find no abuse of discretion in the trial court denying Jerry’s request for additional credits.
Decree
For the foregoing reasons, the judgment rendered by the lower court is affirmed. All costs of this appeal are assigned to the appellant, Jerry Edward Giffin.
AFFIRMED.

. Jerry appealed this award of alimony which was subsequently affirmed by this court in an opinion rendered October 9, 1996. Although Jerry applied for a writ of certiorari/review from this initial decision, the Louisiana Supreme Court denied that application. See Giffin v. Giffin, 97-0316 (La.3/21/97); 691 So.2d 88.

. We note that, although taken from substantively the same judgment, this March 1997 Motion for New Trial differs from that filed in April 1996. In this earlier motion, Jerry asserted only that he was entitled to a reduction from $16,-000.00 to $12,000.00.

. At the time of the hearing, the lower court considered Jerry’s Motion to Amend Judgment which was filed on May 8, 1997. In this motion, Jerry argued that the December 7, 1995 judgment reflected a calculation error whereby he was found to owe more for past-due alimony than that actually owed. The court also considered Margaret's rule for sentencing for contempt for defendant's failure to pay past-due alimony.

. The Motion for Appeal in this matter was filed June 23, 1997. On July 14, 1997, the legislature approved Acts 1997, No. 1056, § 1 revising Articles 2087 and 2123 of the Louisiana Code of Civil Procedure, articles which provide the delays for taking devolutive and suspensive. These articles now provide the following language:
An order of appeal is premature if granted before the court disposes of all timely filed motions for new trial or judgment notwithstanding the verdict. The order becomes effective upon the denial of such motions.

. As previously stated, the judgment signed on April 24, 1996, and that signed on March 19, 1997, are substantively identical.