I WALTZER, Judge.
Plaintiff, Christopher Smith, appeals the trial court’s judgment, denying his motion to vacate/modify the award of child support and motion for change in custody.
STATEMENT OF FACTS AND HISTORY OF THE CASE
Christopher Smith and Gina Smith married 12 November 1986. Christopher Smith petitioned for divorce on 10 December 1996, and Gina Smith answered the petition on 8 July 1998. In the answer, Gina Smith asked that the trial court award joint custody of the couple’s four minor children. After a hearing in January 1999, the trial court signed a judgment of divorce 22 February 1999. Since the parties’ physical separation in 1996, they had amicably shared physical custody of their four children. By the February judgment, the trial court granted the parties joint custody, alternating physical custody every two weeks. The trial court continued the arrangement which the par *225 ties had begun upon physically separating in 1996. After a hearing on 23 March 1999, the trial court ordered the father to pay the mother $250 each month in child support by judgment dated 5 April 1999.
In January 2000, the mother moved for an order finding the father in contempt for failing to pay child support. On the day of the scheduled hearing on lathe rule for contempt, the father moved to vacate the 5 April 1999 judgment ordering him to pay child support. At the same time, he moved to modify the custody order. The mother moved to dismiss the father’s motion to vacate the judgment awarding child support. On 14 April 2000, the father moved for an award of child support to him from the mother. After a hearing on 25 April 2000[1], the trial court denied the father’s motions to vacate the judgment of 5 April 1999, to modify custody and to award him child support.
The father appeals the judgment denying his motion to vacate the judgment awarding child support to the mother, his motion for change in custody and his motion for child support.
FIRST ASSIGNMENT OF ERROR: The father argues that the trial court erred in denying his motion to vacate the prior judgment awarding the mother child support and denying the father’s motion for child support.
The father moved to vacate the original judgment awarding child support, arguing that it did not accurately reflect the trial court’s rulings at the hearing. Assuming the father stated a cause of action for vacating the prior judgment, he did not offer any evidence of his allegation that the judgment did not accurately reflect the trial court’s oral rulings. Moreover, such a defect is properly brought by a timely filed motion to amend the judgment or motion for new trial, or perhaps a timely filed appeal of the judgment. The father did not properly attack the original child support judgment. In this subsequent proceeding, we will not consider any argument concerning the correctness of a final judgment. However, in the interest of justice, we will construe the father’s motions to vacate the original judgment Land to award him child support, as an attempt to modify his obligation to pay child support.
An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.
LSA-R.S. 9:311.
The father argues that the trial court erred in failing to find a change in circumstances occurred after certain institutions forced collection of his student loans. However, we fail to see how this situation constitutes a change in circumstances. The father incurred the debt during the existence of the marriage. Moreover, he owed the amounts at the time of the prior child support award. Furthermore, the record contains evidence that he informed the trial court of these debts. Since the prior award, the obligees have recognized the debtor’s default on his loans and have forced payment, through garnishment. We do not believe that this situation constitutes “a change in circumstances” under LSA-R.S. 9:311. The father argues that the trial court erred in failing to find that the garnishment constituted a change in circumstances warranting modification of the prior child support award. He relies on various decisions in which the party *226 seeking modification of the award voluntarily changed the circumstances of their employment by pursuing educational opportunities for reasonable purposes after the initial award of support. Mosley v. Mosley, 348 So.2d 225 (La.App. 3 Cir.1977) and Daigre v. Daigre, 527 So.2d 9 (La.App. 3 Cir.1988). We find these cases distinguishable. In this case, the father incurred the debt during the existence of the marriage, he owed the amounts at the time of the prior award, he knew of that debt and he brought it to the attention of the trial court. The obligees have, |4since the prior award, forced the father to pay the debts on which he defaulted. We do not believe the trial court erred by finding no change in circumstances. We affirm the trial court’s denial of the father’s attempts to modify the child support obligation.
SECOND ASSIGNMENT OF ERROR: The father argues that the trial court erred by refusing to modify the original custody judgment.
The trial court denied the father’s motion to modify the original custody judgment. In the original judgment, the trial court, after various hearings, continued the parents’ practice of shared custody, alternating physical custody every two weeks. The court awarded the parents co-domiciliary status.
The father argues that the trial court erred in failing to appoint an expert to evaluate the children’s needs after his motion to modify custody. LSA-R.S. 9:331 provides in part, “The court may order an evaluation of a party or the child in a custody or visitation proceeding for good cause shown.” We do not believe the trial court abused its discretion in failing to order an evaluation. On appeal, and apparently in the trial court, the father’s request to modify custody amounted to no more than a transparent attempt to force modification of his child support obligation. In his brief, the father states, “Appellant submits that were the trial court to have vacated his existing child support order and not ordered either party to pay anything in the way of child support to the other, specifically given the evidence presented as to the parties’ income as well as the custodial arrangement existing between them, that he would have been satisfied.”
The father argues that the trial court erred in denying his motion to modify custody. The trial court found that the father failed to allege a material change in circumstances, warranting a modification of custody. Bergeron v. Bergeron, 492 hSo.2d 1193 (La.1986) and Evans v. Lungrin, 97-0541, 97-0577, p. 13 (La.2/6/98); 708 So.2d 731, 738. After reviewing the father’s motion to modify custody, we do not believe the father stated a cause of action for modification of the custody award. Moreover, we have reviewed the proffered testimony of the father, and we do not believe the father has satisfied his burden of proving a material change in circumstances, warranting modification of custody. The father reiterated concerns about custody that the trial court had previously considered in awarding the parents joint physical custody. He offered no evidence to support a conclusion that the custody arrangement, in existence for numerous years, had proven harmful to the children, since the original award. We affirm the trial court’s denial of the father’s motion to modify custody.
CONCLUSION
We affirm the trial court’s judgment denying the father’s motions to modify child support and custody.
AFFIRMED.

. On appeal, this court was not furnished a copy of the transcript of the 25 April 2000 hearing. However, neither party complains that the record is inadequate for this reason.