820 So.2d 1270 (2002)
Adrienne M. Begnaud STELLY
v.
Ricky Evans STELLY.
No. 02-113.
Court of Appeal of Louisiana, Third Circuit.
June 26, 2002.
*1271 Grady M. Spears, Attorney at Law, Lafayette, LA, for Plaintiff/Appellant Adrienne M. Begnaud Stelly.
W. Glenn Soileau, Attorney at Law, Breaux Bridge, LA, for Defendant/Appellee Ricky Evans Stelly.
Court composed of MARC T. AMY, MICHAEL G. SULLIVAN, and ELIZABETH A. PICKETT, Judges.
PICKETT, J.

FACTS
Ricky E. Stelly and Adrienne B. Stelly were married on August 11, 1994. One child was born of the marriage, Katie Elizabeth Stelly, on October 12, 1994. The parties were divorced by judgment dated July 22, 1999, and joint custody of Katie was awarded to the parties, with Ms. Stelly being designated as the domiciliary parent. Mr. Stelly was ordered to pay $478.00 in child support, bi-weekly, beginning on December 11, 1998.
Subsequent to the judgment of divorce and child support, Katie received Two Hundred Thousand and No/100 (200,000.00) Dollars from a life insurance policy issued to her maternal uncle, Steven Wayne Begnaud, who died in an auto accident on October 8, 1998. On March 17, 2000, the parties created the Katie Elizabeth Stelly Trust which designated Agnes Begnaud, Katie's maternal grandmother, as the Trustee. Adrienne Begnaud Stelly, acted as tutor, and Ricky Stelly, as the undertutor in the creation of the trust. Serviceman Group Life Insurance Company (SGLI) paid the lump sum of $140,200.24, which was deposited in the trust, and the remainder was to be paid out in monthly installments in the amount of $5,911.50, through September of 2001.
On September 6, 2000, Ricky Stelly filed a Rule to Terminate Child Support on the ground that the minor child had received $200,000.00 from a life insurance policy. In response, Adrienne B. Stelly filed a Rule for Past Due Child Support, Contempt and Attorney Fees wherein she claimed that Ricky Stelly owed her $5,191.74 in past due child support.
*1272 The rules were heard on January 12, 2001 and March 28, 2001. The trial court dismissed Mr. Stelly's Motion to Terminate Child Support, and denied Ms. Stelly's Rule for Contempt, Past Due Child Support, Costs and Attorney's Fees. The trial court further ordered Mr. Stelly to pay arrearages in the amount of $669.44 and reduced his monthly child support obligation from $478.00 to $197.89 per month. It is from this ruling that Adrienne B. Stelly appeals.
ASSIGNMENTS OF ERROR
1. The Trial Court committed reversible error in failing to deny Ricky Stelly's Rule to Terminate Child Support, since there was not basis for same.
2. The Trial Court committed reversible error in finding that Katie Elizabeth Stelly has income from the Katie Elizabeth Stelly Trust.
3. The Trial Court committed reversible error in reducing the child support from four hundred seventyeight [$478.00] dollars per month to one hundred ninety-seven and 89/100 [197.89] dollars per month, and reducing the pro rata share of the father from 61% to 53%.
4. The Trial Court committed error in finding Ricky Stelly owed only six hundred sixty-nine and 44/100 ($669.41) in arrears, when the payments clearly showed the money was for payment of Ricky's personal bills and were not child support.
5. The Trial Court committed reversible error in failing to find that Ricky owes his pro rata share [61%] of extraordinary medical expenses on Katie's emergency room service ($349.77) and dental ($500.00) for a total owed of $518.42.
6. The Trial Court committed error in not awarding attorney fees and not casting Ricky Stelly for all costs of the proceedings.

DISCUSSION
The first three assignments of error are inter-related and will be discussed together.
The initial issue that the court must address is whether monies received by a minor child from a life insurance policy and deposited into a trust, which earns interest, may be considered income for purposes of reducing a parent's child support obligation.
The guidelines for determination of child support are set forth in La.R.S. 9:315.1, et seq., and apply to any proceeding to establish or modify child support filed after October 1, 1989. There shall be a rebuttable presumption that the amount of child support obtained by use of these guidelines is the proper amount of child support. La.R.S. 9:315.1. The basic child support obligation is calculated by combining the parties adjusted gross incomes and then determining each parent's proportionate share of the combined amount. The amount obtained for each party is his or her percentage share of the combined adjusted gross income. La.R.S. 9:315.2(C).
La.R.S. 9:315.7 provides as follows:
A. Income of the child that can be used to reduce the basic needs of the child may be considered as a deduction from the basic child support obligation.
Gross income is defined in La.R.S. 9:315(4), in pertinent part, as follows:
(a) The income from any source, including but not limited to salaries, wages, commissions, bonuses, dividends, severance pay, pensions, interest, trust income, annuities, capital gains, social security benefits, worker's compensation *1273 benefits, unemployment insurance benefits, disability insurance benefits, and spousal support received from a preexisting spousal support obligation.
The appellant argues that the trial court erred in finding that the minor child has income because she does not receive any money from any source, including the interest from the trust, and the Trustee controls the funds in the trust.
The terms of the trust at issue clearly state that the Trustee may distribute to the Beneficiary specific amounts of money every year to pay for the child's health, education, maintenance or support. The evidence in the record shows that funds from the trust have been used to provide for medical and dental expenses and a portion of Katie's school tuition and other minor expenses. The trust, including interest therefrom, is income of the child that can be used to reduce the basic needs of the child and, thus, may be considered as a deduction from the basic child support obligation.
The trial court found the child receives interest on income from the trust managed by A.G. Edwards & Sons, Inc., in the amount of $9,543.00 annually, or $795.00 per month. This finding is supported by the record. Considering the definition of income set forth in 9:315(4)(a), we conclude that the interest income from the trust is income the trial court had the discretion to consider in calculating the parents' monthly child support obligation. We find no error in the trial court's ruling on this issue.
By previous order, the basic child support obligation of the parties was set at $771.00 per month, with 61% being the father's obligation and 39% being the mother's obligation. The $795.00 monthly income of the minor child exceeds the monthly obligation previously set by the court. The court assigned one-half of the child's monthly income, $397.50, to the monthly child support obligation, thereby reducing the obligation owed by the parents to $373.38 per month. Of this amount, the father was ordered to pay 53% or $197.89.
An award of child support may be modified if the circumstances of the child or of either parent change and shall be terminated upon proof that it has become unnecessary. La.Civ.Code art. 142.
The rules pertaining to reduction of child support awards are contained in La. R.S. 9:311. Prior to its amendment in 2001, La.R.S. 9:311(A) provided that:
A. An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.
The trial court has great discretion in decisions concerning modifications of child support decrees, and such decisions will not be disturbed on appeal absent clear abuse of discretion. Young v. Young, 95-1154 (La.App. 3 Cir. 4/17/96); 673 So.2d 1154.
It is clear that the trial court found that the money acquired from the life insurance policy and the creation of a trust in the minor child's name were changes in circumstances warranting a reduction in both parents' monthly obligation. However, the court chose not to terminate the father's obligation as requested. The support obligation imposed on a parent is firmly entrenched in Louisiana law and is a matter of public policy. Brown v. Taylor, 31-352 (La.App. 2 Cir. 2/26/99); 728 So.2d 1058. Consequently, each parent owes an obligation to support, maintain, and educate his or her children in proportion *1274 to his or her resources. La.Civ.Code art. 227.
After a thorough review of the record in this matter, and considering the applicable law, we find no abuse of discretion in either the trial court's reduction of the parents' monthly child support obligation or the reduction of the father's proportionate share of that obligation.
The appellant's fourth assignment of error addresses the court's finding as to the amount of arrearage owed by the appellee. The trial court determined the appellee owed past due child support in the amount of $669.44. The court obtained this figure by adding the amounts paid to the appellant by the appellee for child support, medical, life insurance, daycare, dancing and by support enforcement, which totaled $4,522.30. The court subtracted that figure from the contested amount of arrearage claimed by the appellant, $5,191.74, leaving a balance of $669.44 owed by the appellee. We find no error in the trial court's calculation, and no abuse of discretion by the court in setting the amount of the arrearage.
In her fifth assignment of error, the appellant argues that the trial court erred in failing to find that the appellee owes 61% of extraordinary medical and dental bills which totaled $849.77. We agree.
Under the terms of the prior judgment, the appellee is obligated to pay 61% of the total expenses incurred, or $518.35. The appellee has not paid this obligation and the trial court erred by not including this unfulfilled obligation in the judgment against the appellee. We reverse the trial court as to this issue and amend the judgment to reflect that the appellee owes $518.35 in past due medical and dental bills.
In her final assignment of error, the appellant argues that the trial court erred by not awarding attorney fees and not casting the appellee with all costs of the proceedings.
"Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause. Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable." La.Code Civ.P. art. 1920. Considering the issues before the court, and the ultimate rulings thereon, we find no error in the court's assessment of costs.
The appellant argues that under La.R.S. 9:375, she is entitled to attorney fees. That statute provides as follows:
§ 375. Award of attorney's fees
A. When the court renders judgment in an action to make executory past-due payments under a spousal or child support award, or to make executory past-due installments under an award for contributions made by a spouse to the other spouse's education or training, it shall, except for good cause shown, award attorney's fees and costs to the prevailing party.
The record establishes that the appellee was in fact past due in his basic child support obligation and owed medical and dental bills. It was necessary for the appellant to bring court action and obtain a judgment against the appellee for these amounts due under the previous judgment. Although, as noted above, we find no error in the court's assessment of costs, the appellant is entitled to attorney fees incurred on the rule for past due child support. Accordingly, we grant appellant the sum of $1,000.00 as attorney fees.

DECREE
Costs of this appeal are assessed equally between the appellant and the appellee.
*1275 AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.