# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 03-0111


JOHN SCOTT POUSSON

VERSUS

THERESE ANN LANGLEY POUSSON

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 97-8188
HONORABLE LILYNN CUTRER, DISTRICT JUDGE

**********

### JOHN D. SAUNDERS
### JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Jimmie C. Peters, Judges.

**AFFIRMED.**

R. Scott McClain
Attorney at Law
616 Broad Street
P.O. Box 1239
Lake Charles, LA 70602-1239
(337) 439-2924
COUNSEL FOR PLAINTIFF/APPELLANT:
    John Scott Pousson

Michael R. Garber
Attorney at Law
1801 Ryan St.
Lake Charles, LA 70601
(337) 494-5500
COUNSEL FOR DEFENDANT/APPELLEE:
    Therese Ann Langley Pousson

**SAUNDERS, J.**

John Pousson appeals the judgment of the trial court setting the amount of his child support obligation. For the reasons stated below, we affirm the ruling of the trial court.

**FACTS**

John Scott Pousson and Therese Ann Langley Pousson were married on August 15, 1986. Two children, Jonathan and Jacob, were born of the marriage. John filed for divorce on October 14, 1997. A judgment for divorce was granted on November 20, 1997, and the parties were granted joint custody of the children. Therese was designated domiciliary parent of both children, and John was ordered to pay child support in the amount of $222.00 per month.

On July 24, 2000, John filed a "Motion to Change Domiciliary Status," seeking domiciliary custody of Jacob. Following court-ordered mediation and family counseling a stipulated judgment was filed on October 11, 2001. In the stipulated judgment each party was granted domiciliary parent status of one of the children. John was granted domiciliary custody of Jacob and Therese domiciliary custody of Jonathan. On October 11, 2001, a hearing officer calculated John's child support obligation at $231.00 a month. The amount of child support was appealed, and the trial court heard the matter on January 17, 2002.

The trial court heard the parties' arguments regarding the hearing officer's calculation of child support. The parties stipulated that John's monthly income is $2,830.00, and Therese's monthly income is $1,489.00. Additionally, as a result of Therese's disability each child receives $363.00 a month in social security benefits. In computing each parent's child support obligation, the trial court deducted the $363.00 received by Jacob, domiciled with John, from Therese's child support

obligation. However, in calculating John's child support obligation for Jonathan the hearing officer did not deduct the same $363.00 in monthly income. As a result, the mechanical calculation of each party's child support obligation using the worksheet indicated that John owes Therese $395.00 a month in child support, and Therese owes John $99.00 a month in child support. Offsetting the child support owed by each party, the court determined that John owes Therese a balance of $296.00 a month.

In his sole assignment of error John alleges the trial court erred by inaccurately interpreting La.R.S. 9:315.7.

**DISCUSSION**

The standard of review for child support awards is well established in this circuit, and others. "The trial court has great discretion in decisions concerning modifications of child support decrees, and such decisions will not be disturbed on appeal absent clear abuse of discretion. *Stelly v. Stelly*, 02-113 (La.App. 3 Cir. 6/26/02); 820 So.2d 1270." *Rougeau v. Rougeau*, 02-484, p. 2 (La.App. 3 Cir. 10/30/02), 829 So. 2d 1125, 1126. In *Hudnall v. Hudnall*, 00-0330, p. 7 (La.App. 1 Cir. 5/11/01), 808 So.2d 641, 646, the first circuit clearly set forth the standard of review for child support awards calculated using the child support guidelines set forth in the Louisiana Revised Statutes as follows:

> The guidelines for determination of child support are set forth in La.R.S. 9:315.1, *et seq.*, and apply to any proceeding to establish or modify child support filed after October 1, 1989. There shall be a rebuttable presumption that the amount of child support obtained by use of these guidelines is the proper amount of child support. La.R.S. 9:315.1. Generally, the trial court's order of child support is entitled to great weight and will not be disturbed on appeal absent clear abuse of discretion. *Campbell v. Campbell*, 95-1711, p. 4 (La.App. 1 Cir. 10/10/96), 682 So.2d 312, 316.

The trial court issued written reasons for judgment in which it notes that the

2

2001 amendments to La.R.S. 9:315.7 added Subsection C, to read as follows:

> A. Income of the child that can be used to reduce the basic needs of the child may be considered as a deduction from the basic child support obligation.
>
> B. The provisions of this Section shall not apply to income earned by a child while a full-time student, regardless of whether such income was earned during a summer or holiday break.
>
> C. The provisions of this Section shall not apply to benefits received by a child from public assistance programs, including but not limited to Family Independence Temporary Assistance Programs (FITAP), food stamps, or any means-tested program.

The trial court further notes that when HB 1398 was initially introduced it also included a Subsection D, which stated: "The provisions of this Section shall not apply to social security benefits received by the child on account of the child's own disability or the disability of a custodial or domiciliary parent or stepparent." The court stated that, "it appears the House Committee on Civil Law and Procedure amended the Section to remove Subsection D regarding social security disability benefits." The court found that this act by the legislature indicates its intent that the court has discretion under Subsection A to determine whether to include a child's disability benefits as income to the child when calculating child support.

John argues that it was an abuse of discretion for the trial court to inconsistently apply the children's $363.00 disability income when calculating each parent's child support obligation. It is John's position that by removing Subsection D, the legislature did not render the inclusion of a child's income via social security disability payments permissive, but rather, it is mandatory and therefore the trial court was required to include the payments when calculating Therese's obligation as well.

Therese argues that, under the clear language of the statute, La.R.S. 9:315.7 (A) states that a child's income "may" be considered as a deduction. She claims that the

3

language of the statute is clearly permissive and does not require the mandatory inclusion of disability income as John claims. Therefore, it was within the trial court's discretion to apply the disability benefits as income only as it saw fit.

In the written reasons for judgment the trial court explained its reasons for applying Jacob's benefits as income on John's child support worksheet, while refusing to do the same with Jonathan's benefits on Therese's worksheet. The court stated:

> After reviewing the jurisprudence and legislative history, the court in its discretion declines to reduce the child support obligation by the social security disability benefits received by Jonathan. The child receives the benefits due to an injury to Therese, the obligee. The benefits are provided to meet Jonathan's needs due to Therese's inability to work and provide. They arise from monies paid by Therese and her employer. The Court does not believe that John should be allowed to reduce his child support obligation by income Jonathan receives from social security because his mother is disabled and no longer able to work.

Louisiana Revised Statutes 9:315.1 clearly states that the court may deviate from the child support guidelines set forth in Sections 9:315 et. seq. Upon a finding that the application of the guidelines would not be in the best interest of the children, or would be inequitable to the parties, the trial court may deviate from those guidelines. La.R.S. 9:315.1(B). The court must provide written reasons for the deviation, which include a finding as to the amount of support that would have been required under a mechanical application of the guidelines. *Id*. The trial court made such a finding here and provided written reasons in this instance. In keeping with the clear legislative intent that courts have great discretion in determining child support matters, we agree with the trial court's determination that it is ultimately at the discretion of the trial court to determine whether or not to include disability payments received by a child as income of the child in determining a parent's child support obligation.

4

The factual circumstances of this case are quite unique, and we are unable to find case law dealing with a similar circumstance. However, we find no clear abuse of discretion by the trial court in its stated reasons for calculating the child support awards that would warrant a reversal.

**DECREE**

For the reasons stated above, we affirm the ruling of the trial court. The costs of this appeal are assigned to the appellant, John Pousson.

**AFFIRMED.**