# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**06-330**

**GUADALUPE TREVINO CAMACHO**

**VERSUS**

**SUSAN FONTENOT CAMACHO**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 91159
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**J. DAVID PAINTER**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and J. David Painter, Judges.

**REVERSED IN PART; AFFIRMED IN PART; AND RENDERED.**

**Lucretia Pecantte-Burton**
**P.O. Box 13738**
**New Iberia, LA 70562-3738**
**Counsel for Plaintiff-Appellant:**
    **Guadalupe Trevino Camacho**

**Elizabeth Dugal**
**P.O. Box 2885**
**New Iberia, LA 70582**
**Counsel for Defendant-Appellee:**
    **Susan Fontenot Camacho**

PAINTER, Judge

This is an appeal by the father, Guadalupe Camacho, from the trial court's child support order. He asserts that the trial court used an inappropriate gross income figure for the child's mother, Susan, and that the social security benefit paid to the child should have been credited against his child support obligation.

The trial court in its reasons for judgment outlined the underlying facts of this case as follows:

> These parties were married in February 1990. They were subsequently divorced in December of 1991. In June of 1997, the parties had a physical relationship resulting in the birth of one (1) child, namely Kateri Clare Camacho, born March 16, 1998. On July 21, 1998, the parties entered into a Joint Stipulation and Joint Custody Implementation Plan. Subsequently, on May 13, 1999, Susan Camacho filed a Petition for Protective Order in Docket No. 91158 against Guadalupe Camacho. The petition was filed on behalf of Susan Camacho and the minor child, Kateri. Guadalupe Camacho also filed a Petition for Injunction on May 13, 1999, in Docket No.91159. Each party was issued a restraining order. At a hearing on May 19, 1999, the court granted both parties protective orders. In addition, the parties were granted joint custody of the minor child.
>
> Subsequently, Susan Camacho filed a Rule for change of Custody in July of 2000. Judgment on those rules was signed by the court on September 13, 2001. The court adopted a Joint Custody Implementation Plan, granting the parties joint custody of the child on an alternating weekly basis. The Court ordered in that judgment that neither party owed the other child support. Susan Camacho was ordered to maintain the child's health and hospitalization insurance. The parties were ordered to each pay on half of uncovered medical expenses as well as on half of all educational expenses.

In May 2005, Susan filed a motion for contempt of court, to change drop off points for the transfer of the child, and for child support. The court ordered a hearing officer conference. Guadalupe filed a rule for contempt against Susan in May 2005 and, after the conference, objected to the hearing officer's recommendations.

1

The trial court heard the various rules and the objection to the hearing officer's recommendation and rendered judgment and gave written reasons. At trial, it was established that Guadalupe is disabled and receives Social Security disability benefits. Additionally, he is paid a benefit on behalf of the child. The testimony and evidence further established that Susan is employed as a teacher by the Iberia Parish School Board.

On appeal, Guadalupe asserts that the court erred in determining Susan's gross income and in treating as the child's income the social security benefit paid to the child as a result of Guadalupe's disability.

SOCIAL SECURITY

The trial court found that the income from the disability payments should be treated as the income of the child as set out in La.R.S. 9:315.7[1] which, at the time of the hearing, stated that:

> A. Income of the child that can be used to reduce the basic needs of the child may be considered as a deduction from the basic child support obligation.

> B. The provisions of this Section shall not apply to income earned by a child while a full-time student, regardless of whether such income was earned during a summer or holiday break.

> C. The provisions of this Section shall not apply to benefits received by a child from public assistance programs, including but not limited to Family Independence Temporary Assistance Programs (FITAP), food stamps, or any means-tested program.

Guadalupe argues that the social security payments made to the child as a result of his disability should be applied to reduce *only his* child support obligation.

---

[1] This statute has been amended effective June 5, 2006 to add a provision that social security benefits received by a child are to be credited as child support *to the parent upon whose earning record it is based* by crediting the amount against the potential child support obligation of *that parent. See* 2006 La. Acts No. 386. However, the legislation is substantive and makes no provision for retroactive application. Therefore, it is inapplicable to the case *sub judice*.

> The trial court has great discretion in decisions concerning modifications of child support decrees, and such decisions will not be disturbed on appeal absent clear abuse of discretion. *Stelly v. Stelly,* 02-113 (La.App. 3 Cir. 6/26/02); 820 So.2d 1270.

*Rougeau v. Rougeau*, 02-484, p. 2 (La.App. 3 Cir. 10/30/02), 829 So.2d 1125, 1126.

In making its determination that the benefits should be treated as the child's income under La.R.S. 9:315.7(A), which reduces the "basic" child support obligation, the trial court, in this case, stated that "this Court chooses to use those benefits in its computation feeling that it is the most just way for computing the child support obligation."

Guadalupe cites this court's decision in *Pousson v. Pousson*, 03-111 (La.App. 3 Cir. 12/17/03), 861 So.2d 920, as support for his argument that the child's social security benefits should be credited only against his separate child support obligation. However, this court's decision in *Pousson* does not support that conclusion. In *Pousson*, the parties were divorced parents of two children. Each parent had custody of one child. Each child received monthly social security benefits as a result of their mother's disability. The trial court offset the benefit received by the child domiciled with the father against the mother's child support obligation, but did not offset the benefit received by the other child against the father's support obligation. The father argued that the provisions of La.R.S. 9:315.1 mandated the deduction of both children's income from the basic child support obligation. This court affirmed the trial court's determination as to the inclusion of the children's disability benefits stating that:

> In keeping with the clear legislative intent that courts have great discretion in determining child support matters, we agree with the trial court's determination that it is ultimately at the discretion of the trial court to determine whether or not to include disability payments

received by a child as income of the child in determining a parent's child support obligation.

*Pousson*, 861 So.2d at 923.

This discretion has been cited in upholding the trial court's decision in a variety of cases concerning child support for a child receiving social security benefits as a result of a parent's disability. *See*, *e.g.*, this court's decisions in *Rougeau*, 829 So.2d 1125 (wherein this court found that the trial court acted within its discretion in not crediting the benefits against the father's child support obligation), *Hall v. Hall*, 617 So.2d 204 (La.App. 3 Cir. 1993) (wherein this court held that the trial court properly considered only one-half of the children's benefits as income of the children that should be deducted from the basic child support obligation), and *Faul v. Faul*, 548 So.2d 957 (La.App. 3 Cir. 1989) (wherein this court found that the husband was entitled to offset against his past due child support the amount of the benefits the children received as a result of his disability during the period for which the arrearages were due).

Offset of a child's benefits from the disabled parent's child support obligation may be found to be equitable where the disabled parent does not have physical custody and the custodial parent receives the payment on behalf of the child. Here, physical custody of the sole child is evenly divided between the parties. Further, Guadalupe receives the benefit on behalf of the child. There is no evidence that any part of the benefit is made available to Susan for the support of the child. In light of the circumstances, we cannot say that the trial court abused its discretion in finding that the child's benefits should be treated as income of the child.

4

GROSS INCOME

Guadalupe argues that the trial court improperly used a gross income figure of $31,885.09 for Susan which did not include certain tax sheltered amounts. He asserts that her yearly gross income was $39,902.68.

The Child Support Obligation Worksheet prepared by the trial court shows a monthly gross income for Susan of $2,987.21, which comes to a yearly gross income of $35,846.52. This figure apparently comes from the check issued to Susan on December 15, 2004. Susan testified, however, that the check dated December 17, 2004, showing her gross pay for the year to that date as $39,902.68, was the last check she received that year. Her W-2 form for the year 2004 shows "Wages, tips, other compensation" of $31,885.09 and "Medicare wages and tips" of $35,077.29. It appears that the trial court did err in using $35,846.52 as Susan's gross income. Guadalupe would have us accept the figure of $39,902.68 as her gross income. This amount was given as Susan's total earnings for 2004 by Eileen Bonin, payroll clerk for the Iberia Parish School Board. Bonin further testified that the amounts shown on Susan's W-2 were after deductions for tax sheltered items. We can find no authority for allowing such deductions from the gross income of the parents for purposes of calculating the basic child support obligation. Therefore, we find that the appropriate gross income figure for Susan is $39,902.68 per year or $3,325.22 per month.

Using this same reasoning on the calculation of Guadalupe's gross income, we find that his gross income for 2004 was $14,251.20, which is shown on his 2004 Social Security Benefit Statement as benefits paid in 2004, rather than the net amount after Medicare premiums were deducted.

5

CORRECTED CHILD SUPPORT OBLIGATION

Given our findings herein, we recalculate the child support obligation of the parties, using the applicable categories from the Child Support Obligation Worksheet, La.R.S. 9:315.20, as follows:

| | FATHER | MOTHER | COMBINED |
|---|---|---|---|
| Monthly Gross Income | $1,187.60 | $3,325.22 | $4,512.82 |
| Combined Monthly Adjusted Gross | | | $4,512.82 |
| Percentage Share of Income | 26.32% | 73.68% | |
| Basic Child Support Obligation | | | $640.00 |
| Shared Custody Basic Obligation | | | $960.00 |
| Each Party's Theoretical Child Support Obligation | $252.67 | $707.33 | |
| Percentage Share of Income | 50% | 50% | |
| Basic Child Support Obligation for Time with Other Party | $126.33 | $353.82 | |
| Child's Health Insurance Premium Cost | | | $218.00 |
| Minus Child's Income | | | $439.00 |
| Total Expenses/Adjustments | | | -$221.00 |
| Each Party's Proportionate Share of Expenses | -$58.16 | -$162.83 | |
| Direct Payments by either party on behalf of the child | | 144.60 | |
| Each Party's Child Support Obligation | $68.17 | $46.39 | |
| Recommended Child Support Order | $21.78 | | |

Therefore, Guadalupe Camacho is ordered to pay $21.78 per month in child support to Susan Camacho.

CONCLUSION

Accordingly, we find that the trial court used incorrect gross income figures for both parties. We further find that it did not abuse its discretion in attributing the minor child's social security benefit as the child's income.

For these reasons, the judgment of the child court is affirmed and amended. Judgment is rendered ordering Guadalupe Camacho to pay $21.78 per month to Susan Fontenot Camacho as child support for the minor child, Kateri Camacho. Costs of this appeal are to be paid one-half by Guadalupe Camacho and one-half by Susan Camacho.

REVERSED IN PART; AFFIRMED IN PART; AND RENDERED.