LESLIE A. LEONARD
v.
EMILE JOSEPH RICHARD, JR.
No. 2006 CA 2305.
Court of Appeal of Louisiana, First Circuit.
September 14, 2007.
KRISTINA W. SHAPIRO, Baton Rouge, LA, Counsel for Plaintiff/Appellee Leslie A. Leonard.
DONALD L. MAYEUX, Eunice, LA, Counsel for Defendant/Appellant Emile Joseph Richard, Jr.
Before: PARRO, KUHN and DOWNING, JJ.
DOWNING, J.
Emile Joseph Richard, Jr., appeals an East Baton Rouge Parish Family Court judgment in favor of Leslie A. Leonard that made executory certain arrearages arising from his asserted non-payment of medical expenses, prescription expenses, child care expenses, private school tuition, and basic child support obligation. He also appeals the judgment insofar as it ordered him to pay 76% of all private school tuition and registration costs incurred for their child. For the following reasons, we reverse the judgment in part, affirm in part, and remand for further proceedings.

PERTINENT FACTS AND PROCEDURAL HISTORY
Mr. Richard had been paying his child support obligations on a regular basis until February 2005, when he quit paying. He had been diagnosed with colon cancer in early 2004 and was disabled from working. Consequently, he applied for and received Social Security disability benefits for himself and his minor child, who is the subject of this litigation. Payments for the child were made retroactive to October 2004.
In July 2005, Ms. Leonard filed a motion for past due child support, contempt and attorney fees. In August 2005, Mr. Richard filed a motion to reduce child support in which he contested the order that he pay for private school tuition, asserting that his change in circumstances warranted a reduction. In May 2006, Ms. Leonard filed another motion for past due child support, contempt and attorney fees.
These motions were heard on June 20, 2006. At the conclusion of the hearing, the trial court found that Mr. Richard had failed to pay his pro-rata share of non-covered medical expenses, non-covered prescription expenses, child care expenses, private school books, tuition and registration expenses, and basic child support obligation. The trial court made the past due sums executory. The trial court also reduced Mr. Richard's pro-rata share of basic child support obligation. It also ordered that Mr. Richard continue to pay 76% of the child's private school tuition and registration costs. The trial court did not credit to Mr. Richard the Social Security payments the child received as a result of his father's disability.
Mr. Richard now appeals, asserting two assignments of error summarized as follows:
1. The Social Security payments that the minor received as a result of his father's disability should be credited toward the father's support obligation; and,
2. The defendant should not be liable for private school tuition and other private school expenses when there was no agreement between the parties and no showing of need.

DISCUSSION

Social Security Benefits to Child
In his first assignment of error, Mr. Richard argues that the Social Security payments his minor child receives as a result of his disabilty should be credited toward his child support obligation. We agree.
By Acts 2006, No. 386, § 1, effective August 15, 2006, the Louisiana Legislature amended La. R.S. 9:315.7 to add subsections D and E. Subsection D is of particular pertinence here. The statute now reads as follows:
§ 315.7. Deductions for income of the child
A. Income of the child that can be used to reduce the basic needs of the child may be considered as a deduction from the basic child support obligation.
B. The provisions of this Section shall not apply to income earned by a child while a full-time student, regardless of whether such income was earned during a summer or holiday break.
C. The provisions of this Section shall not apply to benefits received by a child from public assistance programs, including but not limited to Family Independence Temporary Assistance Programs (FITAP), food stamps, or any means-tested program.
D. Notwithstanding the provisions of Subsection C of this Section, social security benefits received by a child due to the earnings of a parent shall be credited as child support to the parent upon whose earning record it is based, by crediting the amount against the potential obligation of that parent.
E. In cases where there is a child support arrearage, the court shall grant an evidentiary hearing before any arrearage is reduced based upon any lump sum payments received by the child.
In Flickinger v. Flickinger, 05-2228, p. 5 (La.App. 1 Cir. 12/28/06), 952 So.2d 70, 74, this court explained that the amendment to include subsection D is clearly interpretive, not substantive, and, therefore, retroactively applicable, as follows:
[T]he amendment to La. R.S. 9:315.7 is clearly interpretive and meant only to clarify the meaning that the statute had at the time it was enacted, i.e., that social security benefits received by a child due to the earnings of a parent shall be credited as child support to the parent and is applicable to the instant matter on appeal.
As interpretive legislation, the amendment is to be given retroactive application. La. C.C. art. 6.
Accordingly, we conclude the trial court erred in failing to credit the Social Security benefits received by the minor child to Mr. Richard against his potential support obligations.
We acknowledge that Ms. Leonard disagrees with the holding in Flickinger and would have us determine that the amendment is substantive. She cites several policy grounds and a recent Third Circuit decision in favor of her argument. In Camacho v. Camacho, 06-330, p. 2 n.1 (La.App. 3 Cir. 9/27/06), 940 So.2d 190, 192 n.1, that court states in a footnote, without any analysis or discussion, that "the legislation [the 2006 amendment to La. R.S. 9:315.7] is substantive and makes no provision for retroactive application." Even so, we agree with this court's holding in Flickinger regarding the retroactive application of La. R. S. 9:315.7D.
We therefore find merit in Mr. Richard's first assignment of error. We will reverse the judgment of the trial court insofar as it found Mr. Richard liable for his pro-rata share of the various expenses outlined in the judgment that are affected by Social Security payments to his minor child. We will remand this matter and we instruct the trial court to re-calculate Mr. Richard's obligations in compliance with La. R.S. 9:315.7D and give him full credit against his potential child support obligation for Social Security benefits received by his child attributable to him. The trial court shall order such credits and reimbursements as are appropriate.
We find merit in Mr. Richard's first assignment of error.

Private School Expenses
In his second assignment of error, Mr. Richard asserts that the trial court erred in ordering him to continue paying a pro-rata share of private school expenses for his minor child. We conclude the trial court did not abuse its discretion in declining to modify its previous judgment in order to relieve Mr. Richard of his obligation to pay private school expenses.
Here, the trial court found a change in circumstances and did reduce Mr. Richard's support obligation, but it did not vacate his obligation to pay for private school. It stated, "I certainly understand that Mr. [Richard's] situation has changed, but not the extent that child should be penalized and not go to a private school." It found that, "[t]he needs of the child are such that he needs to continue in a private school since he's always been in a private school." The trial court recited the pertinent provisions of La. R.S. 9:315.6[1] in support of this finding.
In setting the amount for support, the trial court re-calculated the basic child support obligation from the guidelines and then deviated from that amount by reducing the total obligation amount by $100.00 per month. The trial court did this because of the amount of increased tuition. It observed that this reduction more or less offset the increase in tuition, as follows: "So that puts him essentially in the same situation in private school as he was prior to bringing this action."
A trial court's decision to include the private school tuition in a child support obligation will not be disturbed absent an abuse of discretion. D'Aquilla v. D'Aquilla, 03-2212, p. 9 (La.App. 1 Cir. 4/2/04), 879 So.2d 145, 150. Here, the record supports the trial court's decision not to remove Mr. Richard's obligation to pay for his child's private school expenses. The record shows that Mr. Richard has sufficient income, despite his protestations. It also shows that the child is thriving in private school, where he is salutatorian of his class and is class president.
As we said in D'Aquilla, 03-2212 at p. 9, 879 So.2d at 151, "the legislature has recognized that the test for determining the parents' obligation to share in private school expenses is to consider the needs of the child. We believe this includes the emotional and social needs of the child, as well as the need for security and stability." We note that this statute was amended in 2001 to remove the language requiring that a "particular educational need" to attend a private school be shown. D'Aquilla, 03-2212 at p. 8, 879 So.2d at 150.
Accordingly, the trial court had a reasonable basis for its decision not to relieve Mr. Richard of his obligation to pay for private school expenses. Mr. Richard's second assignment of error is without merit.

DECREE
We reverse and vacate the judgment of the trial court insofar as it found Mr. Richard liable for his pro-rata share of the various expenses outlined in the judgment without affording Mr. Richard a credit for Social Security payments to his minor child. We remand the matter and instruct the trial court to re-calculate Mr. Richard's obligations in compliance with La. R.S. 9:315.7D and credit his potential child support obligation for the full amount of Social Security benefits received by his child that are attributable to him. We direct the trial court to order such credits and reimbursements as are appropriate.
In all other respects, we affirm the judgment of the trial court. Costs of this appeal are to be split equally between Emile Joseph Richard, Jr., and Leslie A. Leonard.
REVERSED AND VACATED IN PART; AFFIRMED IN PART; REMANDED WITH INSTRUCTIONS
PARRO, J, concurring.
In light of the holding of our court in the case of Flickinger v. Flickinger, 05-2228 (La. App. 1st Cir. 12/28/06), 952 So.2d 70, regarding the retroactive application of LSA-R.S. 9:315.7(D), I feel constrained to concur in the majority opinion on this issue. However, I have reservations about whether this provision is actually interpretive, and thus retroactive, when before the enactment of subsection D, the statute had no provisions at all regarding how or whether to credit a parent for Social Security payments received by a child as a result of that parent's earning record.
For this reason, I respectfully concur.
NOTES
[1] This statute provides in pertinent part as follows:

§ 315.6. Other extraordinary expenses; addition to basic obligation
By agreement of the parties or order of the court, the following expenses incurred on behalf of the child may be added to the basic child support obligation:
(1) Expenses of tuition, registration, books, and supply fees required for attending a special or private elementary or secondary school to meet the needs of the child.