| NOT DESIGNATED FOR PUBLICATION |

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-703

CLARA BROSSETT

VERSUS

KEITHERN D. BROSSETT

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 219,349
HONORABLE HARRY F. RANDOW, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, and Oswald A. Decuir and Marc T. Amy, Judges.

REVERSED AND REMANDED.

Henry H. Lemoine, Jr.
Attorney at Law
607 Main Street
Pineville, LA 71360
(318) 473-4220
Counsel for Defendant/Appellant:
    Keithern D. Brossett

Todd L. Farrar
Farrar & Farrar
1603 Melrose Street
Pineville, LA 71360
(318) 448-4040
Counsel for Plaintiff/Appellee:
    Clara Brossett

**DECUIR, Judge.**

Keith Brossett appeals the judgment of the trial court denying his motion to reduce child support. Keith contends the trial court erred in failing to consider his decreased income and his former wife Clara's increased income. Keith also alleges error in the trial court's failure to consider the child support guidelines, articulated at La.R.S. 9:315 *et seq.* In response, Clara argues the trial court's decision was based on credibility determinations which are entitled to great weight upon review. For the following reasons, we reverse and remand for further proceedings.

Keith and Clara were married in 1996 and divorced in 2004. At the time of the divorce, the parties agreed that Clara would have custody of their two minor children, subject to reasonable visitation in favor of Keith, and child support payments of $300.00 per week to Clara. During the time of the marriage and through 2007, Keith worked for an environmental service company making over $50,000.00 per year. He traveled frequently, working most of the time on the East Coast in New York and Massachusettes. He testified that he hoped to get work in Louisiana to be close to his children and actually was sent by his employer in 2007 to jobs in Lake Charles and Shreveport. When the Shreveport job ended, however, Keith refused to leave the state again and was laid off.

Keith testified that while he was laid off he collected unemployment benefits, took care of his children during the day, and took welding and basic electrician courses in the evenings. After finishing the courses, he took a job at AFCO Industries where he earns less than $2,000.00 a month, but he testified that he is looking for something better. Health insurance is not provided by his employer; therefore, Keith has purchased private insurance for the two children at a cost of $70.00 per week. Keith and Clara have agreed to a joint custody agreement and Keith now has more visitation with the children since he no longer works out of state. At the time of the hearing, Keith was helping to renovate a home owned by his girlfriend's family which he may move into in the future. In support of his testimony, Keith submitted an

affidavit of income and expenses and four payroll check stubs representing one month of employment at AFCO. No tax records were introduced, nor were any records from Keith's previous employment.

Clara testified that she works as a salesperson for a manufactured housing company. She is paid $2,000.00 each month but must pay back anything she does not earn in commissions. At the time of the hearing, Clara stated that she owed her employer $8,000.00. She lives with her boyfriend, and they deposit their paychecks into a joint account. She testified that she spends only what she makes and asks him for money only when necessary. Clara offered into evidence Keith's payroll history report from the environmental services company and one income tax return for the State of New York.

The trial court considered the income and expense statements of each party to be of "little credibility." The trial court was also "inclined to believe that Mr. Brossett is under-employed but Mrs. Brossett has failed to satisfy her burden in this regard." The court concluded that Keith failed to satisfy his burden of proving the need for a modification of child support.

Louisiana Revised Statutes 9:311(A) provides:

> An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a material change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.

The trial court found insufficient proof of a change in circumstances to warrant decreasing Keith's child support obligation. The trial court did not reference the child support guidelines, nor did the court calculate the amount of support which would be owed had the guidelines been applied. The Louisiana Supreme Court has held that a trial court's neglect of the statutorily imposed guidelines constitutes an error of law:

We granted Benita's writ application to consider the lower courts' rulings regarding the discretion of the trial court under La. R.S. 9:315.1(D) . . . we reverse and remand this matter to the trial court, finding that the trial court based its ruling on the stipulated judgment of June 29, 1994, which it then approved without the trial court first considering the guidelines in reviewing the adequacy of the stipulated amount, La. R.S. 9:315.1(A) and (D), and without giving specific oral or written reasons warranting a deviation from the guidelines, La. R.S. 9:315.1(B), all of which rendered this judgment an abridgment of the legislative intent in the enactment of the statutory guidelines, and an error of law.

*Stogner v. Stogner,* 98-3044, pp.3-4 (La. 7/7/99), 739 So.2d 762, 765.

The record before us contains insufficient financial documentation to even estimate the appropriate amount of support under the guidelines. Therefore, whether a deviation from the guidelines would be appropriate is a question we simply cannot answer. When the evidence is insufficient to calculate an award pursuant to the guidelines, this court has generally remanded for further consideration by the trial court:

> Unfortunately, we are unable to review this case because the record is inadequate. We have no idea what the trial court based its child support award on and whether, and in what amount, it deviated from the child support guidelines. . .
>
> If, in its discretion, the trial court believes it has sufficient evidence from the original trial on the merits and can articulate its reasons for formulating a child support award deviating from the guidelines, then no further hearings are required. The trial court should prepare written reasons pursuant to the Articles set forth in this opinion. However, if the trial court decides it needs further information in order to determine the appropriate child support award, it may, on its own motion, order further proceedings before submitting its reasons. Accordingly, this case is remanded to the trial court.

*Bazile v. Washington,* 05-1583, pp. 5 and 8 (La.App. 3 Cir. 6/14/06), 934 So.2d 214, 217-18.

Upon remand, the trial court may ultimately determine that $300.00 per week is the appropriate figure to be awarded in this case. Nevertheless, while a court may certainly deviate from the guidelines in awarding child support, the statutory scheme

requires consideration of the guidelines and a specific articulation of why they are not followed in an individual case:

> Louisiana Revised Statutes 9:315.1 clearly states that the court may deviate from the child support guidelines set forth in Sections 9:315 et. seq. Upon a finding that the application of the guidelines would not be in the best interest of the children, or would be inequitable to the parties, the trial court may deviate from those guidelines. La.R.S. 9:315.1(B). The court must provide written reasons for the deviation, which include a finding as to the amount of support that would have been required under a mechanical application of the guidelines.

*Pousson v. Pousson*, 03-0111, p.4 (La.App. 3 Cir. 12/17/03), 861 So.2d 920, 923.

After setting forth thorough reasons, a trial court's full consideration of the guidelines is subject to the manifest error standard of review:

> A deviation from the child support guidelines is permitted, if the court finds that the support required by the guidelines would not be in the best interest of the child or would be inequitable to the parties. The record must contain oral or written reasons for the deviation, which are supported by the evidence. *McDaniel v. McDaniel*, 95-1314 (La.App. 3 Cir. 3/6/96), 670 So.2d 767. Additionally, the court must include in its reasons a finding as to the amount of support that would have been required under a mechanical application of the guidelines. La.R.S. 9:315.1(B)(1). In determining whether to deviate from the guidelines, the court's considerations may include an extraordinary community debt of the parties, or any other consideration which would make application of the guidelines not in the best interest of the child or inequitable to the parties. La.R.S. 9:315.1(C)(5) and (8). "Deviations by the trial court from the guidelines set forth in this Part shall not be disturbed absent a finding of manifest error." La.R.S. 9:315.17

*Steinebach v. Steinebach,*, 07-38, pp. 17-18 (La.App. 3 Cir. 5/2/07), 957 So.2d 291, 302.

Accordingly, the judgment of the trial court is reversed and remanded for full consideration of the guidelines for the determination of child support, La.R.S. 9:315 *et seq.* Costs of this appeal are to be shared equally by the parties.

**REVERSED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.