STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1520

STATE OF LOUISIANA

VERSUS

CLARENCE JONES, SR.

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 95-4395-NS
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Elizabeth A. Pickett, and Billy Howard
Ezell, Judges.

REVERSED.

Brandon Guillory
Attorney at Law
P. O. Box 1925
Opelousas, LA 70570
(337) 351-9000
COUNSEL FOR DEFENDANT/APPELLEE:
    Clarence Jones, Sr.

**Ladonte A. Murphy**
**27th Judicial District Court, Assitant District Attorney**
**231 South Union Street**
**Opelousas, LA 70570**
**(337) 942-5719**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **State of Louisiana**

**SAUNDERS, Judge.**

This is a child support case dealing with social security benefits which raises the issue of whether payments in excess of the non-custodial parent's child support obligation should have been credited toward his State Family Independence Temporary Assistance Programs (FITAP) arrears. The trial court found that they should. We reverse.

**FACTS AND PROCEDURAL HISTORY:**

This matter originally came before the 27th Judicial District Court Hearing Officer on a rule for contempt of court for failure to pay court ordered child support, establishment of arrears obligation, and a modification of child support award. On June 22, 2011, the hearing officer recommended that Clarence Jones, Sr.'s (Jones) child support obligation be terminated effective August 2008 and reopened July 2010, and terminated again once Jones was certified for Social Security Disability in August 2011. The hearing officer also found that Jones had an outstanding arrears balance of $19,973.85 of which $13,932.26 is owed to the State and $5,752.99 is owed to the custodial parent on behalf of the child. Further, the hearing officer found that the child had received a lump sum payment of $2,304.00 in Social Security payments. Thereafter, the hearing officer recommended that Jones be given a credit for all lump sum and future social security payments in excess of his child support obligation.

The State appealed to the trial court that upheld all of the hearing officer's findings and followed all of the hearing officer's recommendations. The State timely filed this appeal, alleging one assignment of error.

**DISCUSSION OF THE MERITS:**

The State, in its sole assignment of error, contends that the trial court erred in giving Jones credit for social security payments paid on behalf of the minor

children in excess of his basic support obligation against his State owed FITAP arrearages in violation of La.R.S. 9:315.7 and La.R.S. 46:236.1.5. We find merit to this contention.

The Louisiana Legislature has a clear intent that trial courts have great discretion to determine child support matters. *Camacho v. Camacho*, 06-330 (La.App. 3 Cir. 9/27/06), 940 So.2d 190, *writ denied*, 08-2538 (La. 12/19/08), 996 So.2d 1137; *Rougeau v. Rougeau*, 02-484 (La.App. 3 Cir. 10/30/02) 829 So.2d 1125; *Stelly v. Stelly*, 2-113 (La.App. 3 Cir. 6/26/02), 820 So.2d 1270.

> Generally, an abuse of discretion results from a conclusion reached capriciously or in an arbitrary manner. The word "arbitrary" implies a disregard of evidence or of the proper weight thereof. A conclusion is "capricious" when there is no substantial evidence to support it or the conclusion is contrary to substantiated competent evidence.

*Jones v. LSU/EA Conway Med. Ctr.,* 45,410, p. 6 (La.App. 2 Cir. 8/11/10), 46 So.3d 205, 210 (quoting *Burst. v. Bd. of Com'rs, Port of New Orleans*, 93–2069, (La.App 1 Cir. 10/7/94), 646 So.2d 955, 958).

However, the State has framed its assignment of error so as to raise a question of law.

> [A]ppellate review of questions of law is simply to determine whether the trial court was legally correct or legally incorrect. If the trial court's decision was based on its erroneous interpretation or application of the law, rather than a valid exercise of discretion, such incorrect decision is not entitled to deference by the reviewing court.

*Platinum City, L.L.C. v. Boudreaux*, 11-559, p. 2 (La.App. 3 Cir. 11/23/11), __ So. 3d __, __ (quoting *Conagra Poultry Co. v. Collingsworth*, 30,155, p. 2 (La.App. 2 Cir. 1/21/98), 705 So.2d 1280, 1281-82); *Genusa v. Genusa*, 09-917 (La.App. 1 Cir. 12/23/09), 30 So.3d 775.

In brief, the State argues that the combination of La.R.S. 9:315.7[1] and La.R.S. 46:236.1.5[2] dictates:

[1] Louisiana Revised Statutes 9:315.7 states:

A. Income of the child that can be used to reduce the basic needs of the child may be considered as a deduction from the basic child support obligation.

B. The provisions of this Section shall not apply to income earned by a child while a full-time student, regardless of whether such income was earned during a summer or holiday break.

C. The provisions of this Section shall not apply to benefits received by a child from public assistance programs, including but not limited to Family Independence Temporary Assistance Programs (FITAP), food stamps, or any means-tested program.

D. Notwithstanding the provisions of Subsection C of this Section, social security benefits received by a child due to the earnings of a parent shall be credited as child support to the parent upon whose earning record it is based, by crediting the amount against the potential obligation of that parent.

E. In cases where there is a child support arrearage, the court shall grant an evidentiary hearing before any arrearage is reduced based upon any lump sum payments received by the child.

[2] Louisiana Revised Statutes 46:236.1.5 states:

A. By accepting FITAP for or on behalf of himself or another individual, the applicant or recipient shall be deemed, without the necessity of signing any document, to have made an assignment to the department of his entire right, title, and interest to any support obligation such applicant [or] recipient may have in his own behalf or on behalf of any family member for whom the applicant is applying for or receiving FITAP which has accrued at the time of the certification for FITAP and which accrues during the time FITAP is furnished. The assigned support rights shall constitute an obligation owed to the department by the person responsible for providing such support, and said obligation shall be established by an order of a court of competent jurisdiction, and the department may thereafter collect by appropriate process any outstanding debt thus created. Voluntary child support payments made to the applicant or recipient at the time of certification for FITAP or during the time FITAP is furnished shall be deemed to have been assigned to the department, unless such assignment is contrary to a valid court order. The department may thereafter collect such support payments by appropriate process.

B. The applicant or recipient shall also be deemed, without the necessity of signing any document, to have consented to the designation of the department as payee in an initial or amended order of support and to have appointed the SES program administrator as his or her true and lawful attorney-in-fact to act in his or her name, place, and stead to perform the specific act of endorsing any and all drafts, checks, money orders, or other negotiable instruments representing support payments which are received on behalf of such individual or his caretaker. The department shall be an indispensable party to any proceeding involving a support obligation or arrearages owed under this Subpart. The provisions of this Subpart shall apply retrospectively to all support rights assigned, whether by written assignment or by operation of law, prior and subsequent to October 1, 1981.

when a child's parent has received State assistance through FITAP for support and maintenance of that child, any child support obligation and/or payments will belong to the State as reimbursement.

Therefore, in the case at bar, the child support arrears that [the] trial court decided to give [Jones] an offset credit for, are not entirely owed to the child but are instead owed the State as FITAP Arrears. Thus, any and all lump sum and future social security payments in excess of the child support obligation that may be received by the child cannot be credited against the State owed FITAP Arrears.

We agree with the State that the credit that Jones was granted towards his child support arrears are not entirely owed to the child but are instead owed to the State as FITAP arrears. In fact, the judgment of the trial court recognizes this fact, as it dictates that Jones had an outstanding arrears balance of $19,973.85 comprised of $13,932.26 that is owed to the State and $5,752.00 that is owed to the custodial parent on behalf of the child.

The issue that the State raises on appeal is the result of the trial court's judgment pursuant to the judgment. The State points out that the lump sum and future social security payments in excess of Jones' child support obligation will be received by the child and not the State while those payments will be credited against the FITAP arrears that Jones owes to the State.

The State argues that the trial court was legally incorrect in its application of La.R.S. 9:315.7 and La.R.S. 46:236.1.5, and, as such, we should reverse the trial court's judgment. Louisiana Revised Statutes 9:315.7(D) only mandates that the social security benefits are credited "as child support to the parent upon whose

---

C. The applicant or recipient of services shall also be deemed without the necessity of signing any document to have appointed the Support Enforcement Services Program administrator as his or her true and lawful attorney-in-fact to act in his or her name, place, and stead to perform the specific act of endorsing any and all drafts, checks, money orders, or other negotiable instruments representing support payments which are received on behalf of such individual or caretaker.

D. No applicant or recipient who has accepted FITAP for or on behalf of himself or another individual shall be permitted to enter into a contract for the collection of support pursuant to R.S. 51:1441 et seq. Any such contract shall be considered a violation of public policy and shall be void.

4

earning record it is based, by crediting the amount against the potential obligation of that parent." It is silent as whether those social security benefits in excess of the child support are to be credited towards that parent's arrears. We infer from this silence that the decision whether to do so is discretionary.

Louisiana Revised Statutes 9:315.7(E) only requires that an evidentiary hearing be held "before any arrearage is reduced based upon any lump sum payments received by the child." *Id.* This sole requirement was met in this case. Therefore, we disagree with the State's position that the trial court erred as a matter of law. There is no language in either statute cited to this court by the State that prevents the trial court from reaching the conclusion that Jones is entitled to a credit to offset his child support arrearages.

However, we do find that the result that the trial court reached is an abuse of the great discretion it is afforded in determining child support matters given the circumstances of this particular case. The trial court's ruling relieves a debtor of a portion of a debt by paying that debt to someone other than the creditor.

Should we affirm the trial court's finding, Jones will get credit towards a debt he has to the State by payment of his social security benefits to his child. Jones incurred the debt via the State supporting his child when he failed to do so. The trial court's judgment results in Jones receiving credit relieving him of portions of that debt to the State without the State actually receiving any reimbursement. Such a result is clearly inequitable so as to be deemed arbitrary given that it disregards the resulting effect on the State's rights as Jones' creditor. While the nonpayment of a debt owed to the State is clearly inequitable, still, extraordinary circumstances might exist in some cases that would justify such a result. No such circumstances exist in the record before us.

We note that included in the record are the reasons for judgment written by Judge Doherty in a case similar to the one before us. In those reasons, Judge Doherty notes that states are divided on whether excess Social Security payments should be credited against the debtor's arrearages. He writes, "[s]ome states give the credit. Others note that once the obligation is met, any payments over and above the obligation is a gift to the child." Judge Doherty goes on to recognize that Mississippi, Hawaii, New Jersey, Indiana, and Alabama hold that the Social Security benefits are ultimately deemed a gratuity to the child. He went on to state that this result "fosters and promotes the well-being and the best interest of the child."

No jurisprudence or statutes cited to this court can be interpreted to mandate such a bright-line rule in this state. Rather, jurisprudence dealing with this issue either occurred prior to La.R.S. 9:315.7's amendment in 2006 and/or simply find no abuse of discretion in the trial court's determination, regardless of the result reached by the trial court. *See Genusa*, 30 So.3d 775; *Salles v. Salles*, 04-1449 (La.App. 1 Cir. 9/27/06), 928 So.2d 1; *Camacho*, 940 So.2d 190; *Rougeau*, 829 So.2d 1125; and *Stelly*, 820 So.2d 1270.

Given the reasoning above, we find that the trial court abused its discretion by finding that Jones is entitled to a credit for all lump sum and future social security payments in excess of his child support obligation towards his State FITAP arrears. As such, we reverse the portion of the trial court's judgment related to this issue. This results in no change to the trial court's finding that Jones is entitled to a credit towards his arrears that he owes to the child custodial parent on behalf of the minor child or any other portion of its judgment.

6

## CONCLUSION:

The State raises a single assignment of error that the trial court erred in crediting Clarence Jones, Sr. for all lump sum and future social security payments in excess of his child support obligation towards his State FITAP arrears. We reverse the portion of the trial court's judgment related to this issue. All costs of these proceedings are assessed to Clarence Jones, Sr.

**REVERSED.**